ELMER BARRETT *v.* STATE OF MARYLAND.
[No. 26, April Term, 1928.]

*Decided May 25th, 1928.*

The cause was argued before Bond, C. J., Pattison, Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*William H. Harlan,* for the appellant.

*Thomas H. Robinson, Attorney General,* and *W. Worthington Hopkins, State's Attorney for Harford County,* submitting on brief, for the State.

Adkins, J., delivered the opinion of the Court.

Appellant was indicted for larceny and plead "not guilty." When the case was called for trial, the witnesses for both sides were present and both sides stated they were ready for trial, and the defendant elected to be tried by a jury. The jury being about to be impaneled, the state's attorney stated to the court that the State was unable to prove the charge against the defendant and further stated that he desired to enter a *nolle prosequi* in the case. The defendant objected to this entry being made, and moved the court to require the state's attorney either to enter "not guilty confessed," or to proceed then and there to impanel a jury to try the charge upon which the defendant had been indicted. The court ruled that the state's attorney had the absolute right against the protest, and therefore overruled the motion of the defendant and directed the entry of a *nolle prosequi* to be made as asked by the state's attorney. This appeal is from that action of the court.

There is a motion by appellee to dismiss the appeal on the ground that there was no sentence, judgment, or final determination of the case. The motion is overruled. There was a final disposition of the case when the court ordered the entry of the *nolle prosequi* at the instance of the state's attorney. The question raised by the motion of the defendant was, not the *proper exercise of discretion,* but the *right* to make the entry over the objection of the defendant.

If we agreed that there had not been "a final determination of the case," it would be difficult to sustain the action of the trial court. For it would be intolerable, and sub-

638.

versive of the constitutional rights of the accused to a speedy trial, if the state's attorney had the power, with or without the concurrence of the court, to discontinue the trial by the entry of such an order, and at some future time again put the accused on trial under the same indictment. By the great weight of authority the case was terminated when the order was entered, and there can be no further prosecution under that indictment. 16 *C. J.*, p. 432, and cases cited.

In *State v. Morgan*, 33 Md. 44, 46, it was said, "It is well settled by the authorities that a *nolle prosequi* ordinarily does not operate as a pardon; but that the accused remains subject to be proceeded against by another indictment for the same offense." That case distinguishes between a *stet* and a *nolle prosequi*, in that where there is a *stet* the accused may be proceeded against under the same indictment.

Appellant very earnestly and with much force contends that it is unfair that one accused should, in such a case, be left under the imputation of having committed a crime and denied the opportunity to prove his innocence. If this were a case of first impression that view would have great weight with us. But to hold that the state's attorney cannot discontinue a criminal proceeding by such an entry without confessing a plea of not guilty would be to ignore the overwhelming weight, if not the entire concurrence, of authority. Our attention has not been called to a single case to the contrary. 16 *C. J.*, pp. 432 and 433, secs. 760, 781, and notes. In justification of the practice which seems to have prevailed for so long everywhere, it can properly be said that the accused does not, in law, remain under the imputation of guilt after a *nolle prosequi* has been entered. The abandonment of the prosecution cancels that indictment and restores him to his original position.

*Ruling of the court affirmed, with costs.*