[Crim. No. 9540.     Second Dist., Div. Two.     May 26, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. ANTHONY
GARNETT BAILEY, Defendant and Appellant.

Erling J. Hovden, Public Defender, Michael Berg and
James L. McCormick, Deputy Public Defenders, for Defend-
ant and Appellant.

Stanley Mosk, Attorney General, William E. James, As-
sistant Attorney General, and George J. Roth, Deputy Attor-
ney General, for Plaintiff and Respondent.

FOX, P. J.—Defendant was charged with two felony
counts: Count 1, attempted robbery of Wilber Bernard

Williams while being armed with a deadly weapon in violation of Penal Code sections 211 and 664; Count 2, assault with a deadly weapon upon Wilber Bernard Williams in violation of section 245, Penal Code. Defendant was found guilty on Count 1 and was found to have been armed with a deadly weapon at the time of the commission of the attempted robbery. Defendant was also found guilty on Count 2.

The court denied defendant's application for probation and sentenced him to the state prison for the term prescribed by law on each count, the sentences to run concurrently. Defendant has appealed.

On July 5, 1963, Wilber Bernard Williams, the victim named in each of the counts, was the manager of the Nitey-Nite Motel on Figueroa Street in Los Angeles. At approximately 11 p.m. a man appeared at the registration window and rang the bell. Williams went to the window. The man asked the price of a room which was quoted to him. He said that he had to check with his wife and would be right back. A few minutes later defendant came in saying he would like to have a room. Williams turned his back to get a registration card. Upon facing defendant again he saw a gun pointed at him through the small peephole in the window. Defendant demanded all his money. Williams said he did not have any money. Defendant told him not to move. Williams moved from side to side, the gun following his movements. Williams then told defendant to shoot and turned around and ran from the office into the hallway. Defendant pulled the gun back through the registration window, cracking the glass.

Williams informed his boss as to what happened. The police were called. Williams looked out the front window and saw defendant cross the street, waving to a man who had been in the motel a few minutes previous. He saw defendant walk down the street, losing sight of him after he turned the corner. At the trial Williams identified defendant and the gun.

Police officers patrolling in a radio car responded to the robbery call and talked to Williams. After searching the neighborhood the officers apprehended defendant and arrested him. He told them that he had used the gun in an attempt to rob the motel manager; that he intended to fire at the manager but he ran too fast and he was unable to get a shot at him.

Defendant does not question the sufficiency of the evidence. His sole contention is that the assault and attempted robbery were component parts of an indivisible transaction and that, therefore, the sentence and conviction of the less serious offense, assault with a deadly weapon, should be reversed under section 654, Penal Code. This section, in pertinent part, provides that: "An act or omission which is made punishable in different ways by different provisions of this Code may be punished under either of such provisions, but in no case can it be punished under more than one; . . ."

In *Neal* v. *State of California,* 55 Cal.2d 11 [9 Cal.Rptr. 607, 357 P.2d 839], the court said (p. 19): "Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the intent and objective of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one."

The People properly concede that "The evidence in the instant matter reveals but one objective in the series of acts that occurred in the motel office on July 5, 1963. . . . Accordingly respondent acknowledges that double punishment, concurrent sentences on each count, has been erroneously imposed upon appellant."

In *People* v. *McFarland,* 58 Cal.2d 748 [26 Cal.Rptr. 473, 376 P.2d 449], the court considered this precise situation relative to double punishment and pointed out the procedure to be followed. The court stated (pp. 762-763): "With respect to the procedure to be followed on appeal where double punishment has been erroneously imposed, *it should be stressed that section 654 proscribes double punishment, not double conviction;* conduct giving rise to more than one offense within the meaning of the statute may result in initial conviction of both crimes, only one of which, the more serious offense, may be punished. (*People* v. *Chessman,* 52 Cal.2d 467, 497 [341 P.2d 679].) *The appropriate procedure, therefore, is to eliminate the effect of the judgment as to the lesser offense insofar as the penalty alone is concerned.* (See *People* v. *Brown,* 200 Cal.App.2d 111, 118 [19 Cal.Rptr. 36].) It is true that there are cases which have, without qualification, reversed the 'judgment of conviction' as to the lesser count, thus apparently eliminating the effect of the judgment with respect to conviction as well as punishment. (See e.g., *People* v. *Brown,* 49 Cal.2d 577, 593-594 [320 P.2d 5]; *People*

v. *Logan,* 41 Cal.2d 279, 291 [260 P.2d 20].) These cases, however, did not discuss whether the terms of section 654 are to be construed as requiring the setting aside of both conviction and punishment.'' (Italics added.) In view of the foregoing it is apparent that defendant's reliance on *People* v. *Logan* (cited in the above quotation) and on *People* v. *Allen,* 220 Cal.App.2d 796 [34 Cal.Rptr. 106], which relies solely on the *Logan* case, is misplaced. *People* v. *Tideman,* 57 Cal.2d 574 [21 Cal.Rptr. 207, 370 P.2d 1007], on which defendant also relies was decided prior to *People* v. *McFarland,* *supra.*

■ Attempted robbery in the first degree is punishable by imprisonment in the state prison for a term of not more than 20 years. (Pen. Code, §§ 213, subd. 1, and 664, subd. 1.) Assault with a deadly weapon is punishable by imprisonment in the state prison not exceeding ten years. (Pen. Code, § 245.) It follows that defendant may not be punished for the less serious offense (Pen. Code, § 654), *viz.,* the assault.

In view of the direction in *People* v. *McFarland, supra,* in these circumstances, we enter an order in precise conformity with the order entered in that case. (See p. 763 of 58 Cal.2d 748.)

The judgment is reversed insofar as it imposes a sentence for assualt with a deadly weapon, and in all other respects it is affirmed.

Roth, J., and Ashburn, J.,* concurred.

A petition for a rehearing was denied June 19, 1964, and appellant's petition for a hearing by the Supreme Court was denied July 22, 1964.

---

*Retired Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.