STATE of Arkansas *v.* Charles WASHINGTON
and L. C. WASHINGTON

CR 81-5                                           617 S.W. 2d 3

Supreme Court of Arkansas
Opinion delivered June 8, 1981

*Steve Clark*, Atty. Gen., by: *Leslie M. Powell*, Asst. Atty. Gen., for appellant.

*Lessenberry & Carpenter*, by: *Thomas M. Carpenter*, for appellees.

RICHARD B. ADKISSON, Chief Justice. This is an appeal by the State from an order of the Pulaski County Circuit Court dismissing charges of first degree battery against appellees, Charles and L. C. Washington, for failure of the State to bring them to trial within three terms of court.

The order of dismissal was entered on October 27, 1980, pursuant to Rule 30.1(a), Ark. Rules Crim. Proc., Ark. Stat. Ann., Vol. 4A (Repl. 1977), which provides:

> [A] defendant not brought to trial before the running of the time for trial, as extended by excluded periods, shall be absolutely discharged. This discharge shall constitute an absolute bar to prosecution. . . .

Since each appellee was on bail or lawfully at liberty prior to the date charges were filed in cricuit court, the speedy trial provisions of Ark. VIII, Rules 27.1 — 30.2, Ark. Rules Crim. Proc., Ark. Stat. Ann., Vol. 4A (Repl. 1977) began to run from the time of arrest and require that the appellees be brought to trial before the end of the third full term of court after arrest. *Wade* v. *State*, 264 Ark. 320, 571 S.W. 2d 231 (1978).

The terms of court in Pulaski County begin on the first Monday in March and the fourth Monday in September. Ark. Stat. Ann. § 22-310 (Repl. 1962). Thus, the relevant court terms are:

March 5, 1979

September 24, 1979

March 3, 1980

September 22, 1980

Appellees were arrested sometime prior to the March 5, 1979, term of the Pulaski County Circuit Court. Therefore, the trial must have been held before September 22, 1980.

The State contends that this case should not have been dismissed for a denial of the right to a speedy trial as there were two excludable periods of time within the three terms of court which had run — one period based on the unavailability for trial of the appellees and the second period based on the time between the State's entry of a *nolle prosequi* and the time the charges were refiled.

First, the State argues that the third term of court following arrest was extended by the period of delay resulting from appellees' absence or unavailability pursuant to Rule 28.3 (e) which provides:

> The period of delay resulting from the absence or unavailability of the defendant. A defendant shall be considered absent whenever his whereabouts are unknown. A defendant shall also be considered unavailable whenever his whereabouts are known but his presence for the trial cannot be obtained or he resists being returned to the state for trial.

The burden is on the State to prove an excludable period is legally justified. *State* v. *Lewis*, 268 Ark. 359, 596 S.W. 2d 697 (1980). To do this the State relies primarily on the docket sheet notes kept by the trial judge:

CRIMINAL DOCKET

Case No.: 79-0801 State of Arkansas

vs. Battery, First Degree

L. C. Washington
Charles Washington

Date of Filing: May 1, 1979

| Date of Orders | Orders of Court |
|---|---|
| 08/25/79 | Scheduled 10/3/79, 8:30 a.m. to sound the docket on L. C. Washington |
| 08/25/79 | Charles Washington scheduled 9/12/79, 8:30 for P&A. |
| 09/12/79 | Pass to October 11, 1979 Charles failed to appear on recognizance bond and sheriff has [not] served warrant on L. C. Washington |
| 10/03/79 | Pass from 11/8/79 for report from sheriff. |
| 11/08/79 | L. C. Washington, Charles Washington — Pass to 12/13/79 for clerk to issue warrant and for sheriff to report. L. C. to surrender today. Passed to 12/13/79. |
| 11/16/79 | Tom Carpenter represents defendant; waive reading of information; plea of not guilty; jury trial; pass both defendants to 12/13/79 at 8:30 for P&A of L. C. and trial setting. Charles to remain on recognizance bond. |

| 12/13/79 | L. C. Washington — Waives reading of information. Plea of not guilty is entered. Jury trial requested 3/5/80. Pretrial February 14, 1980. |
| 02/14/80 | Pretrial hearing — negotiations extended to 2/28/80. |
| | . . . . |
| 02/27/80 | Nolle Prosequi Order filed. |
| 10/07/80 | Motion to dismiss for lack of speedy trial filed. |

The record reflects that this case was filed in circuit court on May 1, 1979, and a bench warrant was issued for the arrest of L. C. Washington (L. C.). At this time L. C. was free on a $2,500 bond which had been made while the case was pending in Little Rock Municipal Court. The State claims L. C.'s time for trial was extended since he was unavailable from August 25, 1979, when he failed to appear "to sound the docket" until he appeared on November 16, 1979. Neither the docket sheet nor any other information in the record reflects that L. C. or his bondsman were notified of any date on which he was required to appear.

Charges were also filed against Charles Washington (Charles) in circuit court on May 1, 1979, but no bench warrant was issued for him. Charles had been recognized for all subsequent appearances by the Little Rock Municipal Court which was the examining court.

The State claims Charles's time for trial was extended since he was unavailable from September 12, 1979, when he failed to appear for his scheduled plea and arraignment until he appeared on November 16, 1979. The court apparently attempted to notify Charles of this date by way of a letter addressed to him at 1821 1/2 South Valentine in Little Rock. This address is not given by the State on the back of

the Information; nor can the address be found in any of the court records; nor is there a finding by the court or any indication in the record that Charles might be at this address.

The primary burden is on the State to assure that cases are brought to trial. *Barker* v. *Wingo*, 407 U.S. 514, 529 (1972). It is incumbent upon the State to prove the delay was legally justified. *State* v. *Lewis, supra*. In regard to the unavailability of appellees, the trial court, in its order of dismissal, found the "claimed excludable period of time was not due to the defendants being unavailable, but because the Sheriff failed to follow through in the serving of the proper notice or warrants." However, no testimony was offered by the State to show that the appellees were unavailable. Instead, the State relies solely on the court's docket sheet notations as the basis for the appellees' unavailability, but these notes are inconclusive and sketchy. There being no showing by the State to the contrary, we must rely on the court's findings in its order of dismissal to the effect that the delay was caused by the failure of the Sheriff to notify appellees. This finding seems to be substantiated by the record since the court did not order a bail bond forfeiture on L. C. Washington or change Charles Washington's status of being on personal recognizance.

Second, the State contends that the period from the *nolle prosequi* order, filed on February 27, 1980, until charges were refiled was an excludable period as to both defendants under Rule 28.3 (f) which provides:

If the charge was dismissed upon motion of the prosecuting attorney and thereafter a charge is filed against the defendant for the same offense or an offense required to be joined with that offense, the period of delay from the date the charge was dismissed to the date the time limitations would commence running as to the subsequent charge had there been no previous charge.

The court order dismissing charges for lack of speedy trial reflects that permission was earlier granted for the *nolle prosequi* of the Information "when the prosecuting attorney

could not obtain the cooperation of a material witness in order to prepare for trial"; the court then ruled "there are no excludable periods . . . [and] Rule 30.1 (a) requires a dismissal."

The State has apparently attempted to use the procedure of taking a *nolle prosequi* to bypass Rule 28.3 (d) where an excludable period may be granted the State under certain circumstances. The action by the State of entering a *nolle prosequi* or dismissing with leave to refile does not toll the running of our speedy trial provisions under Rule 28.3 (f) absent a showing of good cause for the period of delay. The United States Supreme Court, in holding the speedy trial provisions of the Sixth Amendment of the United States Constitution applies to the states through the Fourteenth Amendment, held in *Klopfer* v. *North Carolina*, 386 U.S. 213 (1967), that the State is not relieved of a speedy trial limitation placed upon it merely because the defendant is permitted absolute release pending disposition of the charges. The Arkansas procedure, here, is the same as the North Carolina statute construed in *Klopfer* which provided for *nolle prosequi* "with leave" which meant the defendant was not discharged.

By Per Curiam this date we are changing Rule 28.3 (f) to reflect our holding in this case that the period of delay must be for good cause shown.

Affirmed.