## Janis M. CARTER v. STATE of Arkansas

CR 83-19                                                    655 S.W.2d 379

Supreme Court of Arkansas
Opinion delivered July 5, 1983
[Rehearing denied September 12, 1983.*]

*Lessenberry & Carpenter*, by: *Thomas M. Carpenter*, for appellant.

*Steve Clark*, Atty. Gen., by: *Michael E. Wheeler*, Asst. Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. The only issue in this case is whether the State had good cause for seeking and obtaining a *nolle prosequi* of a murder charge against the appellant, Janis Carter. If so, it is conceded by both parties that Carter's conviction for killing her husband and sentence to two years imprisonment must stand; if not, then her conviction must be set aside because she was not brought to trial within the time required by our rules. A.R.Cr.P., Rule 28.2.

Just before Carter was to be tried in November, 1980, it was learned for the first time that her daughter, Melissa, who was fourteen at the time of the killing, would testify it was she, not her mother, the appellant, that killed Mr. Carter, Melissa's father. She had told the police her mother did it.

Learning this, the State asked to *nolle prosequi* the charge; the defense sought an outright dismissal with prejudice, a motion that cannot be granted before trial. The judge took the matter under advisement and later granted the motion to *nolle prosequi.*

Subsequently, the daughter was charged in Juvenile Court regarding the killing, and on August 6, 1981, it was determined there was insufficient evidence to find her a juvenile delinquent. Almost immediately the State refiled the murder charge against Mrs. Carter. Just before her trial on July 1, 1982, the defense filed a motion to dismiss for lack of a speedy trial. The judge found good cause existed for the *nolle prosequi* and, therefore, the period of delay, occasioned by the *nolle prosequi,* was excluded under A.R.Cr.P. Rule 28.3 (f) (Supp. 1981). The State had good reason in this case to seek the *nolle prosequi* and there is no indication the State simply sought to evade the speedy trial requirement. *See State* v. *Washington,* 273 Ark. 82, 617 S.W.2d 3 (1981). The appellant suggests the State must show good cause when it seeks a *nolle prosequi,* not when the question arises later regarding a speedy trial issue. Obviously the showing should be made when it is relevant.

We cannot say the trial court's ruling was clearly erroneous and affirm the judgment.

Affirmed.

PURTLE, J., concurs.

JOHN I. PURTLE, Justice, concurring. I concur because it should be clearly understood that the state cannot be allowed to use a *nolle prosequi* for the purpose of extending the time within which a trial must be held. The *nolle prosequi* may not be used as a subterfuge to give the state more time. Our speedy trial rules were neither written in haste nor without due consideration for the rights of the state and the people. Individual rights as guaranteed by the state and federal constitutions must be protected. If it sometimes causes the state to do a little extra work then so be it.

Under the special circumstances of this case, I agree with the majority that good cause was shown for the *nolle prosequi,* and that therefore the period of delay was excludable under A.R.Cr.P., Rule 28.3 (f).