**STATE of Missouri, Respondent,**

v.

**Dorothy MASK, Appellant.**

No. 45565.

Missouri Court of Appeals, Eastern District, Division Three.

July 26, 1983.

Nick A. Zotos, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was convicted by a jury of the offense of manslaughter. She was sentenced to ten years' imprisonment as a prior offender. On appeal, defendant alleges error in denial of her motion to dismiss for failure to grant a speedy trial. We affirm.

Defendant contends that she was brought to trial 257 days after arraignment, excluding defendant's continuances, in violation of Missouri's Speedy Trial Act which limits a time lapse to 180 days. § 545.780, RSMo. 1978. To calculate the 180 days, defendant counts from the date she was initially arraigned on the charge of murder in the first degree, November 5, 1980. However, our review of the record reveals that this indictment was quashed following defendant's July 10, 1981 indictment on the charges of murder in the first degree or, in the alternative, murder in the second degree. Arraignment on these charges occurred July 16, 1981. Trial based on the second indictment commenced January 5, 1982 and re-

sulted in defendant's conviction on the lesser included manslaughter offense.

In *State v. Jackson,* 645 S.W.2d 725, 728 (Mo.App.1982), this court directly addressed the question of when time begins to run for the purpose of the 180-day rule. "In reviewing the defendant's speedy trial claim, we count only those days after arraignment on the *final charge;* we do not consider the time that elapsed in connection with the nolle prossed charge." *State v. Jackson,* 645 S.W.2d at 729, (emphasis added).[1] *See also State v. Allen,* 641 S.W.2d 471, 475 (Mo.App.1982). In the present case, the statutory 180 days thus commenced July 16, 1981. Trial began 173 days later on January 5, 1982, well within the statutory limit. Accordingly, we find no evidence that defendant was denied a speedy trial.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.

1. Defendant makes no claim of bad faith on the part of the state in this case. *See State v. Sumpter,* 655 S.W.2d 726 (Mo.App.E.D.1983);

*State v. Lawson,* 630 S.W.2d 185, 189 (Mo. App.1982).