474 A.2d 502

Emerson P. CURLEY, Jr.

v.

STATE of Maryland.

No. 35 (Adv.), Sept. Term, 1983.

Court of Appeals of Maryland.

May 3, 1984.

Domenic P. Iamele, Baltimore (Levy & Iamele, Baltimore, on brief), for appellant.

Carmina Szunyog, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, Warren B. Duckett, State's Atty. for Anne Arundel County and Scott Patterson, Asst. State's Atty., Annapolis, on brief), for appellee.

Argued Before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

ELDRIDGE, Judge.

Under Maryland Code (1957, 1982 Repl.Vol., 1983 Cum. Supp.), Art. 27, § 591, implemented by Maryland Rule 746, the trial in a circuit court criminal prosecution must commence within 180 days of arraignment or the initial appearance of defense counsel, whichever occurs earlier, unless the time is extended beyond 180 days upon a showing of good cause and by order of the county administrative judge.[1] *See generally Farinholt v. State,* 299 Md. 32, 472

---

1. Art. 27, § 591, provides as follows:
"§ 591. Setting date for trial; postponement.
(a) Within two weeks after the arraignment of a person accused of a criminal offense, or within two weeks after the filing of an appearance of counsel or the appointment of counsel for an accused in any criminal matter, whichever shall occur first, a judge or other designated official of the circuit court in which the matter is pending, shall set a date for the trial of the case, which date shall be not later than 180 days from the date of the arraignment of the person accused or the appearance or the appointment of counsel for the accused whichever occurs first. The date established for the trial of the matter shall not be postponed except for good cause shown by the moving party and only with the permission of the administrative judge of the court where the matter is pending.
(b) The judges of the Court of Appeals of Maryland are authorized to establish additional rules of practice and procedure for the implementation of this section in the various circuit courts throughout the State of Maryland."
Rule 746 states:
"Rule 746. Trial Date.
a. *General Provision.*
Within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the court pursuant to

A.2d 452 (1984); *Calhoun v. State*, 299 Md. 1, 472 A.2d 436 (1984); *State v. Frazier*, 298 Md. 422, 470 A.2d 1269 (1984), and cases there discussed. The question presented by the instant case concerns the application of § 591 and Rule 746 where the prosecuting attorney files a nol pros prior to the expiration of the 180-day period and thereafter causes the same charge or charges to be refiled against the defendant.

## I.

Emerson Paul Curley, Jr., was charged by information with automobile manslaughter, homicide by motor vehicle while intoxicated, reckless driving, and other related offenses, all arising out of an accident in Anne Arundel County on July 19, 1980. On September 22, 1980, counsel for Curley entered his appearance in the Circuit Court for Anne Arundel County. Consequently, the 180-day time period for trial, under § 591 and Rule 746, expired on March 23, 1981.[2]

Trial was initially scheduled for November 20, 1980. By letter of November 12, 1980, Curley's counsel requested a postponement of the November 20th trial date because of a scheduling conflict and requested that someone from the circuit court clerk's office contact him regarding a new trial date.[3] In accordance with the request, the November 20th

---

Rule 723, a trial date shall be set which shall be not later than 180 days after the appearance or waiver of counsel or after the appearance of defendant before the court pursuant to Rule 723.

    b. *Change of Trial Date.*

Upon motion of a party made in writing or in open court and for good cause shown, the county administrative judge or a judge designated by him may grant a change of trial date."

**2.** Actually the 180th day was March 21, 1981. Because that date fell on a Saturday, however, Monday, March 23, is considered to be the 180th day for the purpose of § 591 and Rule 746. *See* Rule 8 a.

**3.** The State has never claimed that Curley, by requesting a postponement of the November 20th trial date, either sought or expressly consented to a trial date in violation of § 591 and Rule 746. Moreover, any such contention would be inconsistent with our cases. *See, e.g., Pennington v. State*, 299 Md. 23, 29, 472 A.2d 447 (1984).

trial date was postponed. Nevertheless, a new trial date was never assigned.[4]

Next, on March 23, 1981, which was the last day for a trial of the case under § 591 and Rule 746, the prosecuting attorney entered a nol pros with respect to all of the charges against Curley. In a letter to defense counsel dated March 23rd, the prosecuting attorney informed defense counsel of the nol pros, stating that "[t]his disposition was made based on the combined factors of the apparent inadmissibility of the blood alcohol content test as performed in this case and upon the request made of the State by the family of the victim."[5]

On June 26, 1981, the State filed a second criminal information charging Curley with the same offenses as had been charged under the prior information.[6] Curley's attorney entered an appearance in this second case on July 8, 1981, and shortly thereafter he filed a motion to dismiss on the grounds (1) that Curley had been denied his constitutional right to a speedy trial and (2) that Art. 27, § 591, and Rule 746 were violated.[7]

---

4. The record does not disclose why a new trial date was not assigned. In fact, the record contains no documents or entries relating to the period between the November postponement and March 23, 1981.

5. Curley had been a friend of the victim, who was a passenger in the automobile that Curley had been driving. The victim's parents had repeatedly requested, in writing, that the State not add to Curley's "anguish" over the incident.

6. In a June 26th letter to Curley's lawyer, the prosecuting attorney outlined the reason for refiling the charges as follows: "Upon an appeal to this office by the Anne Arundel County Police Department, the Case Screening and Evaluation Unit of the State's Attorney's Office has decided to re-charge Emerson Paul Curley, Jr., with automobile manslaughter and related offenses."

7. Curley's attorney also alleged that Curley's right to "due process of law under the Constitution" had been denied because "undue pressure [had] been placed upon [the State's Attorney] by the police department" which resulted in improper motivation on the part of the prosecution in reopening the nol pros.

The motion to dismiss was heard on August 28, 1981. The circuit judge stated that the State has an "absolute right" to enter a nol pros and an "absolute right" to file charges a second time. The judge went on to note that, notwithstanding the latter "right," prosecution may be barred because of double jeopardy or, in this case, a delay of time. But, according to the judge, a delay in recharging will only bar prosecution where the State entered a nol pros with the purpose of avoiding the mandate of § 591 and Rule 746. Because no evidence of such purpose was shown, the motion to dismiss was denied.

On October 1, 1981, counsel for Curley filed a second motion to dismiss, again asserting that § 591 and Rule 746 were violated. After a hearing, the circuit court filed on October 30, 1981, a memorandum opinion and order, again denying the motion. A third motion to dismiss was filed on November 13, 1981, and denied on December 11, 1981.

Trial commenced on December 15, 1981. This was 449 days after the initial appearance of counsel under the first information, 172 days after the filing of the second information, and 160 days after the formal appearance of counsel under the second information. The trial concluded on December 18th, and the jury returned guilty verdicts as to automobile manslaughter, driving while impaired, reckless driving, negligent driving, driving at a speed greater than reasonable and failing to drive in a single lane. The jury acquitted Curley of homicide by motor vehicle while intoxicated and driving while intoxicated. The trial court imposed a three year sentence on Curley for the automobile manslaughter conviction, with all but three months of weekends at the County Detention Center suspended, and a $1,000 fine. On the count of driving while impaired, the court imposed a two month suspended sentence, to run concurrently with the first sentence, and a $100 fine. On the remaining three counts the court imposed $100 fines.

Curley appealed to the Court of Special Appeals. Pursuant to Maryland Rule 1015, the Court of Special Appeals

certified the case to this Court on May 4, 1983. We accepted the certification application and issued a writ of certiorari bringing the entire matter here. *See* Rule 815.

## II.

The broad issue presented in this case is not addressed by either the language of § 591 and Rule 746 or by any prior opinions of this Court. An examination of cases in other jurisdictions which have considered the interaction of a nol pros, or its functional equivalent, with a statute or rule setting a time limit for the trial of criminal cases, reveals no uniformity in approach.[8] This may sometimes be due, at least in part, to factors which vary among the states, factors which include the language of the state statute or rule, the supervisory control (or lack thereof) which the court may exert over the entry of a nol pros, whether a dismissal for violation of the state speedy trial statute or rule is with prejudice, and the principal purpose of the state statute or rule prescribing a time limit for criminal trials. Despite these variables, however, the approaches taken in other jurisdictions can be divided into three broad, if not always clearly bounded, categories.[9]

### (a)

The first category is comprised of cases in which the running of the statutory period for trial begins on the date of the original charging document (or arraignment or first appearance of counsel), is neither tolled nor ended by the

---

**8.** Although some jurisdictions do not use the terms "nol pros" or "nolle prosequi," "it is the substance of the prosecution's action which controls." *Hooper v. State,* 293 Md. 162, 168, 443 A.2d 86 (1982). Also, some jurisdictions may call a motion a "nolle prosequi" when, in fact, it is something different than a nolle prosequi under Maryland law. *See, e.g., Klopfer v. North Carolina,* 386 U.S. 213, 214, 87 S.Ct. 988, 989, 18 L.Ed.2d 1 (1967).

**9.** For a general discussion of this topic, *see* Annot., 30 A.L.R.2d 462 (1953).

entry of a nol pros, and the same period continues to run when the defendant is re-indicted for the same charge. *See, e.g., Wright v. State,* 387 So.2d 1060, 1062 (Fla.App.1980); [10] *Hurt v. State,* 62 Ga.App. 878, 10 S.E.2d 136, 137 (1940); [11] *State ex rel. Back v. Starke Circuit Court,* 271 Ind. 82, 390 N.E.2d 643, 644 (1979).[12] The holding of the Maryland Court of Special Appeals in *State v. Glenn,* 53 Md.App. 717, 456 A.2d 1300 (1983) (in which we have rendered a decision today, *State v. Glenn,* 299 Md. 464, 474 A.2d 509 (1984)), falls into this category. *See also People v. Scott,* 200 Colo. 365, 615 P.2d 680 (1980).[13]

The rationale for this approach appears to be that the state should not be permitted to avoid the effect of the running of the speedy trial period through the entry of a nolle prosequi. These cases take the view that where the identical charge is refiled, " 'it must be regarded as if there had been no dismissal of the first [complaint] ..., or as if the second ... had been filed on the date of the first.' " *State ex rel. Back v. Starke Circuit Court, supra,* 390 N.E.2d at 644.

---

**10.** Fla.R.Cr.P. 3.191(h)(2) specifically addresses the effect of the entry of a nolle prosequi on the running of the statutory period.

**11.** Georgia now has separate statutory speedy trial provisions for capital and noncapital offenses. The State is permitted a longer period of time in which to begin trial in a capital offense. *Compare* Georgia Code Ann. § 17–7–170 with § 17–7–171.

**12.** With regard to the Indiana procedure, *see also* Ind.R.Crim.P. 4; *Battle v. State,* 415 N.E.2d 39, 41 (Ind.1981); *Collins v. State,* 266 Ind. 430, 364 N.E.2d 750, 755 (1977); *State v. Johnson Circuit Court of Johnson County,* 234 Ind. 429, 127 N.E.2d 600 (1955).

**13.** For statutory speedy trial purposes Colorado will look to the trigger date from the first case. If, however, the second complaint charges "any new, different or additional offense" and the prosecution was not "attempting to circumvent the speedy trial rule," Colorado will apparently use the trigger date from the second charges. *People v. Scott, supra,* 615 P.2d at 682. *See Amon v. People,* 198 Colo. 172, 597 P.2d 569 (1979). Colo.R.Crim.P. 48(b). For other circumstances under which Colorado will use the second trigger date, *see Amon v. People, supra,* 597 P.2d at 571 n. 1.

 

(b)

The second category consists of jurisdictions which look to the date of the first charge, but toll the running of the statutory time for the period during which no indictment is outstanding. *See, e.g., United States v. Dennis,* 625 F.2d 782, 793 (8th Cir.1980); *United States v. Sebastian,* 428 F.Supp. 967, 973 (W.D.N.Y.1977), *aff'd,* 562 F.2d 211 (2d Cir.1977), *aff'd,* 578 F.2d 1372 (1978);[14] *State v. Washington,* 273 Ark. 82, 617 S.W.2d 3 (1981);[15] *People v. Sanders,* 86 Ill.App.3d 457, 459, 41 Ill.Dec. 453, 407 N.E.2d 951 (1980); *State v. Ransom,* 233 Kan. 185, 661 P.2d 392 (1983);[16] *State v. Stephens,* 52 Ohio App.2d 361, 370 N.E.2d 759, 766 (1977);[17] *Commonwealth v. Leatherbury,* 499 Pa. 450, 453 A.2d 957, 958 (1982); *Cole v. State,* 650 S.W.2d 818 (Tex.Cr.App.1983).[18]

Courts adopting the tolling approach have reasoned that it "would undercut the implementation of the speedy trial statute unless, in computing time under ... [the statute],

---

**14.** The decisions in the federal cases would appear to be required by 18 U.S.C. § 3161(h)(6).

**15.** In *Washington* the Supreme Court of Arkansas held that the entry of a nolle prosequi would toll the running of the speedy trial calendar only if it is entered "for good cause shown." *State v. Washington,* 617 S.W.2d at 6; A.R.Cr.P., Rule 28.3(f) (Supp.1981). *See also Carter v. State,* 280 Ark. 34, 655 S.W.2d 379 (1983).

**16.** However, if the state can show "necessity" for dismissal of the first case, it appears that the period during which the first indictment was outstanding will not be included in calculating the time for trial. 661 P.2d at 396–397. In *Ransom,* the Supreme Court of Kansas rejected the State's claim that the temporary absence of two doctors scheduled to testify as expert witnesses constituted "necessity." *See also State v. Hunt,* 8 Kan.App.2d 162, 651 P.2d 967, 970–971 (1982).

**17.** For other pertinent Ohio cases, *see State v. Bonarrigo,* 62 Ohio St.2d 7, 9–11, 402 N.E.2d 530 (1980); *State v. Spratz,* 58 Ohio St.2d 61, 388 N.E.2d 751, 752 n. 2 (1979).

**18.** The Texas holdings are based on express statutory language. *See* Art. 32A.02, Sec. 4(7), V.A.C.C.P.; *Vanderbilt v. State,* 629 S.W.2d 709, 718 (Tex.Cr.App.1981), *cert. denied,* 456 U.S. 910, 102 S.Ct. 1760, 72 L.Ed.2d 169 (1982).

the defendant's time pending trial under the original indictment is included with time pending trial under the reindictment." *State v. Stephens, supra,* 52 Ohio App.2d at 371 [370 N.E.2d 759]. It has been said that refusing to include the the time under the earlier indictment "would subvert the. policy of the speedy trial statutes by automatically providing prosecutors a new ... period in which to bring an accused to trial, irrespective of the amount of ... delay involved in the prior ... proceedings." *State v. Bonarrigo,* 62 Ohio St.2d 7, 10, 402 N.E.2d 530 (1980).

On the other hand, the cases taking the tolling approach hold that the period of time between the two indictments should not be counted because, "[w]hen a charge is nolle prossed ..., there is no charge pending against" the defendant, and that "the speedy trial statute runs only when a charge is pending against a defendant," *People v. Sanders, supra,* 86 Ill.App.3d at 469 [41 Ill.Dec. 453, 407 N.E.2d 951].

(c)

Cases in the third category take the position that when criminal charges are nol prossed and later refiled, the time period for commencing trial ordinarily begins to run anew after the refiling. *See, e.g., State v. Rose,* 121 Ariz. 131, 589 P.2d 5, 11 (1978); *People v. Allen,* 220 Cal.App.2d 796, 34 Cal.Rptr. 106 (1963); [19] *State v. Goodmiller,* 86 Idaho 233, 386 P.2d 365, 367–368 (1963); *State v. Allen,* 641 S.W.2d 471, 475 (Mo.App.1982); *State ex rel. Delgado v. Stanley,* 83 N.M. 626, 495 P.2d 1073, 1074 (1972); *State v. Mills,* 307 N.C. 504, 299 S.E.2d 203 (1983); *Miller v. Commonwealth,* 217 Va. 929, 234 S.E.2d 269, 273 (1977), *cert. denied,* 434 U.S. 1016, 98 S.Ct. 735, 54 L.Ed.2d 762 (1978). These holdings appear to be based upon the nature and effect of a nol pros.

The jurisdictions in this third category, as well as the jurisdictions which toll the running of the statutory trial

---

**19.** *See also, e.g., People v. Poon,* 125 Cal.App.3d 55, 178 Cal.Rptr. 375, 382 (1981) (and the cases cited therein); Cal.Pen.Code §§ 1382, 1385, 1386.

period for the time between charging documents, generally recognize an exception where the prosecution's action is intended or clearly operates to circumvent the statute or rule prescribing a time limit for trial. As the cases put it, the prosecution must be acting in "good faith" or so as to not "evade" or "circumvent" the requirements of the statute or rule setting a deadline for trial. *See, e.g., State v. Rose, supra,* 589 P.2d at 11 (1978); *State v. Taylor,* 27 Ariz.App. 330, 554 P.2d 926, 932 (1976); *Carter v. State,* 280 Ark. 34, 655 S.W.2d 379 (1983); *Abernathy v. State,* 278 Ark. 250, 644 S.W.2d 590, 591 (1983); *People v. Sanders, supra,* 86 Ill.App. at 470 [41 Ill.Dec. 453, 407 N.E.2d 951]; *State v. Mask,* 655 S.W.2d 832, 833 n. 1 (Mo.App. 1983); *State v. Aragon,* 99 N.M. 190, 656 P.2d 240, 242 (1982), *cert. denied,* 99 N.M. 226, 656 P.2d 889 (1983); *State v. Ericksen,* 94 N.M. 128, 607 P.2d 666, 668–669 (1980); *State ex rel. Delgado v. Stanley, supra,* 495 P.2d at 1074–1075; *State v. Mills, supra,* 299 S.E.2d at 205; *State v. Moore,* 51 N.C.App. 26, 275 S.E.2d 257, 260 (1981); *Commonwealth v. Johnson,* 487 Pa. 197, 204, 409 A.2d 308, 311 (1979); *Commonwealth v. Whitaker,* 467 Pa. 436, 359 A.2d 174 (1976).

### III.

We believe that the approach taken by cases in the third category is preferable. Ordinarily, treating the 180-day period as beginning to run anew after the refiling of the charges is in accord with Maryland law.

The courts which consider the time during the initial prosecution which has been nol prossed, whether or not the time between prosecutions is regarded as tolled, are to some extent treating the second prosecution as a continuation of the first prosecution. This, however, is inconsistent with the Maryland law regarding a nol pros. Under our decisions, when an indictment or other charging document is nol prossed, ordinarily "the case [is] terminated," *Ward v. State,* 290 Md. 76, 84, 427 A.2d 1008 (1981), quoting

*Barrett v. State,* 155 Md. 636, 638, 142 A. 96 (1928). As summarized in *State v. Moulden,* 292 Md. 666, 673, 441 A.2d 699 (1982):

> "The nol pros of a charging document or of a count is 'a final disposition' of the charging document or count; 'there can be no further prosecution under' the nol prossed charging document or count; the matter is 'terminated' at that time; and the accused may be proceeded against for the same offense only under a new or different charging document or count. *Barrett v. State, supra,* 155 Md. at 637–638 [142 A. 96.]

*See Hooper v. State,* 293 Md. 162, 167–168, 443 A.2d 86 (1982). Normally the effect of a nol pros is as if the charge had never been brought in the first place. *State v. Moulden, supra,* 292 Md. at 673 [441 A.2d 699]; *Ward v. State, supra,* 290 Md. at 84 [427 A.2d 1008].[20] In light of this, the only existing prosecution or case is that begun by the new charging document. It is the trial under that prosecution which must be timely commenced.

Moreover, applying the 180-day time period for trial only to the second prosecution, except where the nol pros was intended to or did circumvent the 180-day deadline, is consistent with the principal purpose of § 591 and Rule 746. We have pointed out that § 591 and Rule 746 were not intended to be codifications of the constitutional speedy trial right. *State v. Frazier, supra,* 298 Md. at 428 [470 A.2d 1269]. Instead, their chief purpose was to operate as a prophylactic measure "to further society's interest in the prompt disposition of criminal trials by providing an impetus to remedy court congestion. . . ." *Id.* at 456 [470 A.2d 1269]. This purpose is ordinarily not violated when a prior prosecution against the defendant has been nol prossed and thus is removed from the court's docket, and when the trial

---

**20.** There are, of course, limited exceptions to these principles, as pointed out in both the *Moulden* and *Ward* cases.

under the new prosecution is commenced within the time period prescribed by § 591 and Rule 746.

Nevertheless we do adhere to the exception set forth in the previously cited cases, namely that the time period will begin to run anew with the second prosecution only where the earlier nol pros was not intended to or did not circumvent the requirements of § 591 and Rule 746. Otherwise the state could regularly evade § 591 and Rule 746. If, whenever the state desired a trial postponement beyond 180 days, it could nol pros the case, refile the same charges, and thereby cause the time period to start running anew, the requirements of § 591 and Rule 746 would largely be rendered meaningless. By such method the state could regularly escape the necessity, mandated by the statute and rule, of showing good cause for a postponement and obtaining an order of the administrative judge.

The trial court in the present case recognized that the time period set forth in § 591 and Rule 746 should not begin to run anew with the second prosecution where it was shown that the purpose of the nol pros was to evade the requirements of the statute and rule. The exception recognized by the trial court, however, is too limited. Where the state's action necessarily circumvents the statute and rule prescribing a deadline for trial, this should be sufficient to continue the time period running with the initial prosecution. *See, e.g., Carter v. State,* 280 Ark. 34, 655 S.W.2d 379 (1983); *State v. Lucero,* 91 N.M. 26, 569 P.2d 952, 956–957 (1977); *State ex rel. Delgado v. Stanley, supra,* 495 P.2d at 1074–1075; *Commonwealth v. Whitaker, supra,* 359 A.2d at 176–177. In the last cited case, the prosecuting attorney nol prossed charges only two days prior to the deadline for trial, giving as the reason an insufficiency of admissible evidence; nevertheless the Pennsylvania Supreme Court held that this amounted to evasion of the speedy trial rule, causing the time period to run from the initial prosecution

with no tolling. *See also Com. v. Lowe*, 255 Pa.Super. 78, 386 A.2d 144, 146 (1978), pointing out that a "salient" factor in *Whitaker* was "that the time for trial under Rule 1100 was so close to expiring . . . ." In fact, no case has been brought to our attention in which a court has clung to the view that the running of the speedy trial period begins with the second indictment when confronted with facts indicating that the necessary effect of the earlier nol pros was to defeat the time limitation imposed by the statute or rule. Adoption of such a view might open the door to widespread evasion of § 591 and Rule 746.

■ We hold, therefore, that when a circuit court criminal case is nol prossed, and the state later has the same charges refiled, the 180-day period for trial prescribed by § 591 and Rule 746 ordinarily begins to run with the arraignment or first appearance of defense counsel under the second prosecution. If, however, it is shown that the nol pros had the purpose or the effect of circumventing the requirements of § 591 and Rule 746, the 180-day period will commence to run with the arraignment or first appearance of counsel under the first prosecution.

■ In the instant case, the nol pros clearly circumvented the requirements of § 591 and Rule 746. When the nol pros was entered on March 23, 1981, which was the final day for trial, it was too late for compliance with § 591 and Rule 746. At the time a trial date had not even been assigned. The case could not have been tried on March 23rd, as the defendant, his counsel, and witnesses were not present. There was no reason for them to have been present, as March 23rd was not the assigned trial date. As of the close of business on March 23rd, the case would have had to have been dismissed for violation of § 591 and Rule 746. In reality, the prosecution had already lost this case under § 591 and Rule 746 when the nol pros was filed. Regardless of the prosecuting attorney's motives, the necessary

effect of the nol pros was an attempt to evade the dismissal resulting from the failure to try the case within 180 days.

CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR ANNE ARUNDEL COUNTY, AND TO REMAND THE CASE TO THAT COURT WITH DIRECTIONS TO DISMISS. COSTS TO BE PAID BY ANNE ARUNDEL COUNTY.

DAVIDSON, J., concurs in the result.

RODOWSKY, Judge dissenting:

I respectfully dissent because I adhere to my belief that the sanction of dismissal for violation of § 591 and Rule 746 is unnecessary, misdirected and disproportionate. My reasons were set forth in my dissent in *Calhoun v. State,* 299 Md. 1, 472 A.2d 436 (1984). One of those reasons pointed to the recommendation by this Court's Standing Committee on Rules that a rule should prohibit dismissal of a charging document as a sanction for any violation of any rule which was not of constitutional dimension. *See* proposed Rule 1–201(a), relating to the construction of rules generally and published at 10:10 Md.R.S–7 (May 13, 1983). A majority of this Court rejected that recommendation at a public meeting on June 23, 1983.

Despite that rejection the Rules Committee submitted the same recommendation, as a proposed criminal rule, in its Eighty-seventh Report. *See* proposed Rule 4–102 published at 10:25 Md.R. S–8 (December 9, 1983). This Court by a vote of 4–3 rejected the resubmitted recommendation at a public meeting on March 21, 1984. I would accept our Rules Committee's advice and abrogate, either by rulemaking or by judicial overruling, that part of the holding in *State v. Hicks,* 285 Md. 310, 403 A.2d 356 (1979) which adopts the dismissal sanction.