474 A.2d 509

STATE of Maryland

v.

Alan Jay GLENN, Michael Lee McKinney and Wayne Melvin Wolfensberger.

No. 30 Sept. Term, 1984.

Court of Appeals of Maryland.

May 3, 1984.

Carmina Szunyog, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, on the brief), for appellant.

Richard J. Guth, Baltimore, for appellees.

Submitted to MURPHY, C.J., and SMITH, ELDRIDGE, COLE, DAVIDSON, RODOWSKY and COUCH, JJ.

ELDRIDGE, Judge.

Alan Jay Glenn, Michael Lee McKinney, and Wayne Melvin Wolfensberger were charged in the District Court of Maryland with distribution of obscene matter. Upon the defendants' requests for a jury trial, the cases were transferred to the Circuit Court for Prince George's County. The defendants were arraigned in the circuit court, and their attorney's appearance was entered, on July 17, 1981. Thus the 180-day time period for commencing trial of the cases, prescribed by Maryland Code (1957, 1982 Repl.Vol.), Art. 27, § 591, and Maryland Rule 746, would have expired on January 13, 1982. Trial was scheduled for November 17, 1981, well within the 180-day time period.

Sometime before the trial, the prosecuting attorney concluded that the charging documents were defective because they failed to allege that the defendants "knowingly" distributed the obscene material. The prosecuting attorney notified the defendants' attorney that he believed that the charging documents would have to be amended, but the defendants' attorney stated that he would object to the amendment. Being of the view that the amendment was a matter of substance and could not be made over an objection, the prosecuting attorney decided to nol pros the cases.

When the cases were called for trial on November 17, 1981, the State nol prossed all three of them. On the same day, new corrected charging documents were filed in the District Court, alleging the same offense.

The defendants again demanded a jury trial, and the new cases were transferred to the Circuit Court for Prince George's County. The defendants were arraigned under the second charging documents, and their attorney's appearance was entered, on January 11, 1982. A 180-day period from January 11th would have expired on July 10, 1982. On January 12, 1982, a trial date of March 29, 1982, was assigned.

The defendants' attorney, on February 18, 1982, filed a written motion to dismiss the three cases based on claimed violations of (1) the defendants' constitutional right to a speedy trial and (2) Art. 27, § 591, and Rule 746. The defendants' theory regarding § 591 and Rule 746 was that the same 180-day period for trial under the initial charging documents continued to run after the nol pros and new charging documents. Therefore, according to the defendants, January 13, 1982, was the last day for trial of the cases under § 591 and Rule 746.

After hearings and arguments, the circuit court held that § 591 and Rule 746 were violated. The court dismissed the charges with prejudice. In a written opinion the circuit court agreed with the defendants' position with respect to § 591 and Rule 746, stating that "calculations cannot run anew with each indictment or charging document nor can they be held in abeyance for the periods 'between' charging documents." The circuit court did not reach the defendants' constitutional speedy trial contention.

Upon the State's appeal, the Court of Special Appeals affirmed. *State v. Glenn*, 53 Md.App. 717, 456 A.2d 1300 (1983). We have granted the State's petition for a writ of certiorari and shall reverse.

In *Curley v. State*, 299 Md. 449, 459, 474 A.2d 502 (1984), filed today, we have held that ordinarily when a circuit

court criminal case is nol prossed and the same charges are thereafter refiled, the 180-day period for trial prescribed by § 591 and Rule 746 begins to run anew with the arraignment or first appearance of defense counsel under the second prosecution. The only exception recognized in *Curley* was where the prosecution's purpose in filing the nol pros, or the necessary effect of the nol pros, was to circumvent the requirements of § 591 and Rule 746. Consequently, unless the cases at bar fall within this exception, there was no violation of § 591 and Rule 746.

In the instant cases the prosecuting attorney's purpose in nol prossing the charges was not to evade § 591 and Rule 746. The record clearly establishes, with no basis for a contrary inference, that the charges were nol prossed because of a legitimate belief that the charging documents were defective and because the defendants' attorney would not agree to amendment of the charging documents.

Unlike the situation in *Curley,* the necessary effect of the nol pros in these cases was not to circumvent § 591 and Rule 746. November 17, 1981, which was the assigned trial date and the date of the nol pros, was only 123 days after the arraignment and first appearance of counsel. If the cases had not been nol prossed, trial could have proceeded on November 17th. If the cases had not been nol prossed, and if for some reason trial had not proceeded when the cases were called on November 17th, there remained fifty-seven days before the expiration of the 180-day deadline. In *Curley,* if the case had not been nol prossed on the 180th day, it necessarily would have been dismissed for a violation of § 591 and Rule 746. This is not the situation in the present cases. The effect of the nol pros in the present cases was not necessarily to evade the requirements or sanction of § 591 and Rule 746.

As previously mentioned, the circuit court did not reach that part of the defendants' motion to dismiss based on an

alleged denial of the constitutional right to a speedy trial.[1] Upon remand, that portion of the motion must be resolved. If the circuit court denies the motion to dismiss insofar as it is grounded upon an alleged violation of the constitutional right to speedy trial, the cases should be promptly tried.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASES REMANDED TO THAT COURT WITH DIRECTIONS TO REVERSE THE JUDGMENTS OF THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY AND REMAND THE CASES TO THAT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. RESPONDENTS TO PAY COSTS.

DAVIDSON, J., dissents.

---

1. In this connection, *see United States v. MacDonald,* 456 U.S. 1, 102 S.Ct. 1497, 71 L.Ed.2d 696 (1982).