700 A.2d 282

**Clarence Elmer ROSS, Jr.**

v.

**STATE of Maryland.**

**No. 1688, Sept. Term, 1996.**

Court of Special Appeals of Maryland.

Sept. 24, 1997.

Joy L. Phillips, Assistant Public Defender (Stephen E. Harris, Public Defender, on the brief), Baltimore, for appellant.

Diane E. Keller, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, Baltimore and Jack B. Johnson, State's Attorney for Prince George's County, Upper Marlboro, on the brief), for appellee.

Argued before HOLLANDER and SONNER, JJ., and ROBERT F. FISCHER, J. (Retired, Specially Assigned).

ROBERT F. FISCHER, Judge, Retired Specially Assigned.

Appellant, Clarence Elmer Ross, Jr., was convicted by a jury sitting in the Circuit Court for Prince George's County of possession of cocaine with intent to distribute and possession of cocaine. He was sentenced to ten years incarceration, to be served without the possibility of parole, for the possession with intent conviction and into which the possession conviction was merged. Appellant noted a timely appeal and presents three questions for our review:

I. Did the trial judge err in denying appellant's motion to dismiss for a violation of Md.Code (1957, 1996 Repl.Vol.), Art. 27, § 591 and Md. Rule 4–271?

II. Did the trial judge err in granting the State's *Batson* challenges to the venirepersons?

III. Did the trial judge err in denying appellant's motion to suppress?

We answer appellant's first question in the affirmative and reverse and remand his case to the Circuit Court for Prince George's County. As a result, we need not address appellant's remaining questions.

## BACKGROUND

On July 5, 1995, appellant was arrested for possession with intent to distribute cocaine and suspected crack cocaine was seized from his car. An indictment against him was filed in the circuit court on August 7, 1995 and defense counsel entered his appearance on August 30, 1995. Accordingly, the 180–day time period imposed under Art. 27, § 591 and Md. Rule 4–271 would expire on February 26, 1996. On November 16, 1995, a defense request for a continuance was denied.[1]

---

1. We note that these dates are not listed in the record as appellant was ultimately tried under a second indictment filed against him. The dates are listed in appellant's motion to dismiss. The State does not contest these dates and, in fact, agrees with appellant upon the most important date, February 26, 1996, the date on which the 180–day limit would expire under the first indictment.

Appellant's trial was originally scheduled for November 30, 1995. On that date, the parties appeared before the county administrative judge and the State requested a continuance as the drugs seized in appellant's case had not yet been analyzed. The State explained that it had been in contact with the laboratory since September 22, 1995, but the lab had failed to perform the necessary analysis and file a chemist's report.

Defense counsel asked that the State's request be denied, stressing that the drugs in question had been seized on July 5 and that the State had been unable to conduct the analysis within the ensuing five months before trial. The administrative judge then stated:

[Defense Counsel], I agree with you. [the State's Attorney] knows that. That's why he gave the litany that he did, because he knows how I feel about those things. What may very well happen is that by operation your client's going to get the benefits anyway, because I don't think this case can be put back in. Our docket is too crowded. It cannot be put back in before Hicks runs, and I am not finding good cause so—

Defense counsel informed the judge that a prior defense request for a continuance had been denied and the court responded:

They have to be secure expectations if you asked for it and it was denied and you were told you had to be prepared to go today, the State had to be. The motion is denied.

The State's Attorney then informed the court: "With that ruling, the State will enter the matter as nolle prosequi."

On December 8, 1995, a new indictment was filed and on December 28, 1995, defense counsel entered his appearance. Appellant's trial on the second indictment began on April 25, 1996, well within the 180–day time period under that indictment, but outside the 180–day limit under the first indictment.

Prior to trial, appellant moved to dismiss the charges against him, arguing that the State had circumvented the 180–day time period by nol prossing the charges against him when its request for a continuance was denied. Appellant claimed

that the time period should, therefore, run from the date that counsel entered his appearance under the first indictment. As a result, he claimed, the time for bringing him to trial had expired. The judge hearing appellant's motion ruled that the county administrative judge had not made a determination of good cause as it applied to the granting of a continuance that would carry a trial date beyond the 180–day limit, as that question was not before the administrative judge. The hearing judge stated, in part: "[T]he case was not near Hicks at that time so good cause to go beyond Hicks was not before [the administrative judge], and it is clear to this Court that his ruling was confined to the State's request for a continuance, which he then denied." The hearing judge further examined the comments made by the administrative judge in denying the State's request for a continuance and stated:.

What he is saying is he is not finding good cause for the continuance. He was not dealing with the good cause to go beyond Hicks, but what he was doing was, in effect, predicting that he would not be able to get it back in when he did.

Now, that does not dispose of the issue of when does the time run. It may well be—and I'm not suggesting that it does, but it may well be that this is another issue that will have to be determined under the rule. He made a prediction, he didn't make a finding, and I'm not prepared to dismiss this case based on his sua sponte prediction. And for that reason this motion is denied, but you have a decent record to go forward with.

Upon proceeding to trial, immediately after the jury was selected, appellant again moved to dismiss the charges against him. The trial judge denied the motion without comment.

Appellant contends that the trial judge erred in denying his motion to dismiss. He alleges that the State sought to circumvent Art. 27, § 591 and Rule 4–271 by nol prossing the charges against him, because its request for a continuance was denied by the administrative judge. Appellant also refers us to the administrative judge's comments, in which he recognized that appellant would benefit from his ruling as the case could not be set in before the 180–day period would expire.

The State claims that this question is not properly preserved as defense counsel presents an argument to this Court different from that presented to the trial judge. The State refers us to counsel's comment to the trial judge that allowing the State to enter the nol pros "not only circumvents, but it usurps [the judge's] ultimate control over your own docket." We disagree. Defense counsel explained that he was "reiterating" the motion previously ruled upon by the hearing judge. He then set forth the case's procedural history, recounted the hearing judge's ruling, and argued that the hearing judge had erred. The fact that counsel added a new argument to the motion when before the trial judge does not lead us to conclude that this question is not properly before us.

Under Maryland Rule 4–271(a)(1) and Maryland Annotated Code (1957, 1992 Repl.Vol.), Art. 27, § 591,[2] "[t]he State must bring a criminal defendant to trial no later than 180 days after the earlier of the first appearance of the defendant in circuit court or the appearance of his counsel." *Tapscott v. State,* 106 Md.App. 109, 122, 664 A.2d 42 (1995), *aff'd,* 343 Md. 650, 684 A.2d 439 (1996). The 180–day limit

---

**2.** Article 27, § 591 provides:

(a) The trial date of a criminal matter in a circuit court:
(1) Shall be set within 30 days after the earlier of:
(i) The appearance of counsel; or
(ii) The first appearance of the defendant before the circuit court, as provided in the Maryland Rules; and
(2) May not be later than 180 days after the earlier of those events.
(b) On motion of a party or on the court's initiative and for good cause shown, a county administrative judge or a designee of that judge may grant a change of the circuit court trial date.

Maryland Rule 4–271 states, in relevant part:

(a) **Trial Date in Circuit Court.**—(1) The date for trial in the circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4–213, and shall be not later than 180 days after the earlier of those events.... On motion of a party, or on the court's initiative, and for good cause shown, the county administrative judge or that judge's designee may grant a change of a circuit court trial date.

contained in § 591 and Rule 4–271 is mandatory and dismissal of the criminal charges is the appropriate sanction for violation of that time period unless the county administrative judge or that judge's designee, "for good cause shown," extends the trial date beyond the 180–day limit. *State v. Brown,* 307 Md. 651, 657, 516 A.2d 965 (1986); *State v. Frazier,* 298 Md. 422, 426, 470 A.2d 1269 (1984); *State v. Hicks,* 285 Md. 310, 318, 403 A.2d 356 (1979). "All postponements of a circuit court criminal trial date must be done in accordance with the requirements set forth in [Article 27, § 591 and Maryland Rule 4–271]. Thus, *every* postponement must be granted by the county administrative judge or his designee and must be supported by good cause." *Brown,* 307 Md. at 657, 516 A.2d 965 (emphasis in original). The administrative judge alone possesses "the authority to postpone a case for good cause regardless of whether the postponement carried the case beyond the 180–day period." *State v. Robertson,* 72 Md.App. 342, 349, 529 A.2d 847 (1987). *See also Calhoun v. State,* 299 Md. 1, 8–9, 472 A.2d 436 (1984) (quoting *Guarnera v. State,* 20 Md.App. 562, 573, 318 A.2d 243, *cert. denied,* 272 Md. 742 (1974)) ("by enacting § 591, 'the Legislature . . . has denied all judges but the administrative head of the court authority to exercise . . . [the postponement] power' ").

"The determination as to what constitutes good cause, warranting an extension of the trial date beyond the [180–day] limit, is a discretionary one which '. . . carries a presumption of validity.' " *Marks v. State,* 84 Md.App. 269, 277, 578 A.2d 828 (1990), *cert. denied,* 321 Md. 502, 583 A.2d 275 (1991) (quoting *State v. Green,* 54 Md.App. 260, 266, 458 A.2d 487 (1983), *aff'd,* 299 Md. 72, 472 A.2d 472 (1984)). *See also State v. Toney,* 315 Md. 122, 132, 553 A.2d 696 (1989) ("determination of what constitutes good cause is dependent upon the facts and circumstances of each case as the administrative judge, in the exercise of his discretion, finds them to be") (footnote omitted); *Dalton v. State,* 87 Md.App. 673, 682, 591 A.2d 531, *cert. denied,* 325 Md. 16, 599 A.2d 89 (1991) ("good cause determination carries a heavy presumption of validity"). The good cause determination is "rarely subject to

reversal upon review." *Frazier,* 298 Md. at 451, 470 A.2d 1269 (footnote omitted).

The Court of Appeals explained why the decision of the county administrative judge is given such deference:

[L]ong before the enactment of § 591 and Rule 746, the law required that there be good cause for the postponement of a trial.... The essential changes in the law affected by § 591 and Rule 746 as presently written and construed in [*State v. Hicks,* 285 Md. 310, 403 A.2d 356 (1979) and *Goins v. State,* 293 Md. 97, 442 A.2d 550 (1982) ], are the provision for the 180–day deadline and the requirement that only the administrative judge can postpone a trial beyond that deadline. The major safeguard contemplated by the statute and rule, for assuring that criminal trials are not needlessly postponed beyond the 180–day period, is the requirement that the administrative judge or his designee, rather than any judge, order the postponement. This is a logical safeguard, as it is the administrative judge who has an overall view of the court's business, who is responsible "for the administration of the court," who assigns trial judges, who "supervise[s] the assignment of actions for trial," who supervises the court personnel involved in the assignment of cases, and who receives reports from such personnel.

Consequently, the administrative judge is ordinarily in a much better position than another judge of the trial court, or an appellate court, to make the judgment as to whether good cause for the postponement of a criminal case exists. Moreover, with regard to the extent of a postponement, even though the administrative judge may not personally select or approve the new trial date in a postponed case, such selection is made by personnel operating under his supervision and reporting to him. When he postpones a case, he is generally aware of the state of the docket in the future, the number of cases set for trial, and the normal time it will likely take before the case can be tried.

*Frazier,* 298 Md. at 453–54, 470 A.2d 1269 (footnotes omitted).

There are three cases decided by the Court of Appeals that we must consider in reaching our decision that the State

sought to circumvent § 591 and Rule 4–271. First, in *Curley v. State*, 299 Md. 449, 474 A.2d 502 (1984), the trial date was postponed at defense counsel's request and a new trial date was never scheduled. On the final day of the 180–day time period, the State nol prossed the case. The State sent a letter to defense counsel explaining that the nol pros was entered, "based on the combined factors of the apparent inadmissibility of the blood alcohol content test as performed in this case and upon the request made of the State by the family of the victim." *Id.* at 453, 474 A.2d 502 (footnote omitted). Approximately three months later, the same charges were refiled and Curley was subsequently convicted of automobile manslaughter and related charges. Curley appealed, claiming that he was brought to trial in violation of § 591 and Rule 746, predecessor to Rule 4–271.

The Court of Appeals stated that "[n]ormally the effect of a nol pros is as if the charge had never been brought in the first place." *Id.* at 460, 474 A.2d 502. The Court went on to recognize an exception:

> [W]e do adhere to the exception ... that the time period will begin to run anew with the second prosecution only where the earlier nol pros was not intended to or did not circumvent the requirements of § 591 and Rule 746. Otherwise the state could regularly evade § 591 and Rule 746. If, whenever the state desired a trial postponement beyond 180 days, it could nol pros the case, refile the same charges, and thereby cause the time period to start running anew, the requirements of § 591 and Rule 746 would largely be rendered meaningless. By such method the state could regularly escape the necessity, mandated by the statute and rule, of showing good cause for a postponement and obtaining an order of the administrative judge.

\* \* \*

Where the state's action necessarily circumvents the statute and rule prescribing a deadline for trial, this should be

sufficient to continue the time period running with the initial prosecution.

*Id.* at 461, 474 A.2d 502. The Court then concluded:

[W]hen a circuit court criminal case is nol prossed, and the state later has the same charges refiled, the 180–day period for trial prescribed by § 591 and Rule 746 ordinarily begins to run with the arraignment or first appearance of defense counsel under the second prosecution. If, however, it is shown that the nol pros had the purpose or the effect of circumventing the requirements of § 591 or Rule 746, the 180–day period will commence to run with the arraignment or first appearance of counsel under the first prosecution.

*Id.* at 462, 474 A.2d 502.

In *State v. Glenn,* 299 Md. 464, 474 A.2d 509 (1984), a decision handed down the same day as *Curley,* the State nol prossed the charges against the defendants because the State's Attorney believed that the charging documents were defective. On the date that the charges were nol prossed, new and corrected charging documents were filed, which alleged the same offenses. Prior to trial, the defendants moved to dismiss the charges against them as they were not brought to trial within the 180–day limit under the first charging documents. The circuit court granted the defendants' motions and this Court affirmed that decision. The Court of Appeals reversed, stating:

In the instant cases the prosecuting attorney's purpose in nol prossing the charges was not to evade § 591 and Rule 746. The record clearly establishes, with no basis for contrary inference, that the charges were nol prossed because of a legitimate belief that the charging documents were defective and because the defendant's attorney would not agree to amendment of the charging documents.

Unlike the situation in *Curley,* the necessary effect of the nol pros in these cases was not to circumvent § 591 and Rule 746. November 17, 1981, which was the assigned trial date and the date of the nol pros, was only 123 days after the arraignment and first appearance of counsel. If the

cases had not been nol prossed, trial could have proceeded on November 17th. If the cases had not been nol prossed, and if for some reason trial had not proceeded when the cases were called on November 17th, there remained fifty-seven days before the expiration of the 180-day deadline. In *Curley*, if the case had not been nol prossed on the 180th day, it necessarily would have been dismissed for a violation of § 591 and Rule 746. This is not the situation in the present case. The effect of the nol pros in the present case was not necessarily to evade the requirements or sanction of § 591 and Rule 746.

*Id.* at 467, 474 A.2d 509.

More recently, in *State v. Brown*, 341 Md. 609, 672 A.2d 602 (1996), Brown was charged with child abuse, second degree rape, and related charges. Forty-three days before the scheduled trial date, the State nol prossed the charges because the DNA tests had not been completed. Approximately three months later, the same charges were filed against Brown, who subsequently moved to dismiss the charges for a violation of § 591 and Rule 4-271. At the hearing on Brown's motion, defense counsel acknowledged that there was a "need" for the results of the DNA testing and that if the State had requested a postponement instead of entering the nol pros, the postponement would probably have been granted. *Id.* at 612, 672 A.2d 602. The circuit court denied the motion. Brown proceeded to trial under an agreed statement of facts and was found guilty of child abuse.

On appeal, Brown contended that the circuit court erred in denying his motion to dismiss. The Court of Appeals affirmed the decision of the circuit court and discussed its decisions in *Curley* and *Glenn:*

[U]nder the holding in *Curley*, a nol pros has the "necessary effect" of an attempt to circumvent the requirements of § 591 and Rule 4-271 when the alternative to the nol pros would be a dismissal of the case for failure to commence trial within 180 days. When compliance with the requirements of § 591 and Rule 4-271 is, as a practical matter, no

longer feasible, then a nol pros and later refiling of the same charges has the "necessary effect" of an attempt to circumvent the requirements of the statute and the rule. Otherwise, under the teaching of the *Curley* case, it does not.

\* \* \*

The *Glenn* decision makes it clear ... that a nol pros will have the "necessary effect" of an attempt to evade the requirements of § 591 and Rule 4–271 *only* when the alternative to the nol pros would have been dismissal with prejudice for noncompliance with § 591 and Rule 4–271.

*Id.* at 618, 619, 672 A.2d 602. The Court concluded:

It is obvious that the nol pros in the case at bar did not have the necessary effect of an attempt to circumvent the requirements of § 591 and Rule 4–271. If the case had not been nol prossed ..., there would have been 43 days before the expiration of the 180–day period. In this respect, the case is very much like the *Glenn* case. During this 43 day period, the State's Attorney's office may have been able to expedite the DNA testing and obtained the results so that trial could have begun before the deadline. Alternatively, the State's Attorney's office may have obtained from the administrative judge, in accordance with § 591 and Rule 4–271, a good cause postponement of the trial to a date beyond the 180–day period. There was clearly a basis for such postponement.

*Id.* at 620, 672 A.2d 602.

■ In the present case, there was a ruling by the administrative judge that the State's request for a postponement was not supported by good cause. The judge commented that the case could not "be put back in. Our docket is too crowded. It can not be put back in before Hicks runs, and I am not finding good cause ..." We note that the court's mention of "Hicks" is to *State v. Hicks*, 285 Md. 310, 403 A.2d 356 (1979), which is a shorthand term often used, along with the "Hicks date" or "Hicks Rule," to refer to the 180–day limit. *State v. Parker*, 338 Md. 203, 205, 657 A.2d 1158 (1995); *State v. Dorsey*, 114

Md.App. 678, 682, 691 A.2d 730 (1997). Thus, the administrative judge expressly found that there was no good cause for a postponement and that the case could not be set in before the 180–day time period expired. As § 591 and Rule 4–271 were enacted to bring the postponement power under the administrative judge, who, by virtue of his position overseeing the docket, possesses the requisite knowledge of that docket, we decline to view the administrative judge's comments as only a "prediction." Indeed, the administrative judge recognized that his ruling would inure to appellant's benefit.

The State stresses that there were eighty-eight days left to run in the 180–day time period and refers us to *Brown,* 341 Md. 609, 672 A.2d 602. In *Brown,* however, there was no ruling from the administrative judge. Moreover, both parties had agreed that, if requested, a postponement for good cause would have been granted, and that there was a possibility that the case could have been brought to trial within the remaining forty-three days of the 180–day time period. We also note that there was no decision from the administrative judge in *Curley* and *Glenn.* In the present case, however, a postponement was requested and denied and, as found by the administrative judge, the case could not be set in before the tolling of the 180–day limit. We again stress that in light of the administrative judge's supervision of the docket, we are unable to ignore his statement that the case could not be heard before expiration of the 180–day time period. In addition, immediately following the judge's ruling, the State entered a nol pros in the case. We can discern no clearer attempt to circumvent the time period dictated by Art. 27, § 591 and Rule 4–271.

We hold that the State entered the nol pros to circumvent the 180–day limit. As a result, the 180–day time period in which appellant had to be brought to trial must be calculated from the date defense counsel entered his appearance under the first indictment, that is, August 30, 1995. As appellant was not tried until April 25, 1996, a date approximately two months beyond the 180–day limit, the dictates of Art. 27, § 591 and Rule 4–271 were not followed. The 180–day limit contained in § 591 and Rule 4–271 is mandatory and dismissal

of the criminal charges is the appropriate sanction for violation of that time period. *State v. Brown*, 307 Md. 651, 657, 516 A.2d 965 (1986). Therefore, we vacate the judgments of the trial judge and remand appellant's case to the Circuit Court for Prince George's County with directions that the charges against appellant be dismissed.

**JUDGMENTS REVERSED.**

**CASE REMANDED TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR DISMISSAL OF THE CHARGES AGAINST APPELLANT.**

**COSTS TO BE PAID BY PRINCE GEORGE'S COUNTY.**