JAMES R. EYLER, Judge.
 

 On August 7, 2003, Jeffrey Joseph Alther, appellant, was convicted by a jury in the Circuit Court for Queen Anne’s County of second-degree assault, stemming from an incident which occurred on September 14, 2002, between himself and his former girlfriend. Appellant was, thereafter, sentenced to five years’ imprisonment, with all but 18 months suspended, three years’ supervised probation, a $500 fine, and a requirement to complete an anger management course.
 

 On appeal, appellant argues that the circuit court erred in refusing to dismiss the charges against him based on (1) the
 
 *318
 
 State’s alleged violation of Md. Rule 4-271 and Md.Code (2001), § 6-103 of the Criminal Procedure Article, requiring a defendant’s trial to be held no later than 180 days after the earlier of either the initial appearance of counsel or the defendant’s first appearance in circuit court and (2) the State’s alleged violation of his Sixth Amendment right to a speedy trial. Appellant also contends the court erred (1) in admitting certain testimony, claiming it was inadmissible hearsay, and (2) in sentencing him severely when he had no criminal history of violence and no serious criminal offenses.
 

 We hold that the court erred in denying appellant’s motion to dismiss based on a violation of Rule 4-271 and § 6-103 of the Criminal Procedure Article, and thus, we reverse the judgment of the circuit court. As a result, we need not consider appellant’s other arguments.
 

 Factual Background & Procedural History
 

 The nature of the issue that is dispositive in this case makes it unnecessary for us to review the evidence in detail. Appellant and Ms. Courtney Lee Faith had a tempestuous, on-and-off relationship for approximately six years. During this time, the two lived together periodically, were briefly engaged, and had a son Dominic,
 
 [1]
 
 who was born on October 26, 1998.
 

 On September 14, 2002, it is undisputed that Ms. Faith took Dominic to appellant’s house for his visitation weekend after appellant failed to pick Dominic up at the scheduled time. Ms. Faith alleged that, as she was packing up some of her belongings from appellant’s house, appellant attacked and raped her in a bathroom as Dominic watched. Appellant claims the sex was consensual and that Dominic was in another room at the time.
 

 Appellant was initially charged in district court on September 17, 2002, with ten criminal counts arising from this incident (September, 2002 charging document): (1) First-degree
 
 *319
 
 rape; (2) Second-degree rape; (3) First-degree sexual offense; (4) Second-degree sexual offense; (5) Third-degree sexual offense; (6) Fourth-degree sexual offense; (7) Sodomy, generally; (8) False Imprisonment; (9) Second-degree assault; and (10) Malicious destruction of property, value less than $500.
 

 On October 10, 2002 a preliminary hearing was held in district court.
 

 On October 28, 2002, the State filed a new charging document in circuit court, reducing the charges to six counts and eliminating the first degree rape charge (October, 2002, charging document). Thus, the remaining charges were: (1) Second-degree rape; (2) Second-degree sexual offense; (3) Sodomy, generally; (4) False Imprisonment; (5) Second-degree assault; and (6) Malicious destruction of property.
 

 On November 6, 2002, appellant’s counsel entered his appearance and a speedy trial was demanded, thus beginning the running of the 180 days by which trial must occur under Maryland Rule 4-271 and Md.Code (2001), § 6-103 of the Criminal Procedure Article. Accordingly, trial had to occur on or before May 5, 2003. Trial was initially scheduled for January 13, 2003.
 

 On December 31, 2002, the State requested a postponement, which was granted over objection by appellant’s counsel. Trial was rescheduled for March 27, 2003. On February 24, 2003, the State requested yet another postponement, which was similarly granted over appellant’s objection. Trial was rescheduled for May 1, 2003, nearly the last date possible for the trial to take place within the 180-day period.
 

 On or about March 24, 2003, the State informed appellant’s counsel that it planned to re-charge appellant with first-degree rape. Thereafter, on March 28, 2003, the State filed a new charging document, containing the first-degree rape charge and related counts, in district court. A preliminary hearing was set for April 23, 2003.
 

 On April 23, 2003, approximately one week before the May 1, 2003, trial date, the State filed the first-degree rape charge
 
 *320
 
 in circuit court and moved for consolidation of this charge with the charges contained in the October, 2002, charging document, thus seeking to bring the first-degree rape charge into the May 1, 2003, trial. Appellant opposed this motion. On April 30, 2003, the circuit court denied the State’s motion to consolidate and indicated that there would be no postponement of trial. Thus, the trial on the replacement charge, scheduled for May 1, 2003, was to proceed as planned, but the first-degree rape charge was not included.
 

 On May 1,2003, the State
 
 nol prossed
 
 the charges contained in the October, 2002, charging document, leaving only the single count first-degree rape charge.
 

 The next day, on May 2, 2003, the State filed in district court, under a new charging number, a new comprehensive charging document, containing ten charges (the May, 2003 charging document), including: (1) Attempted first-degree rape; (2) Second-degree rape; (3) Attempted second degree rape; (4) First-degree sexual offense; (5) Attempted first-degree sexual offense; (6) Second-degree sexual offense; (7) Attempted second-degree sexual offense; (8) Fourth-degree sexual offense; (9) Second-degree assault; and (10) False imprisonment. A preliminary hearing on the May, 2003 latest charging document was set for June 11, 2003.
 

 The State then filed a charging document containing the same ten charges in circuit court (the June, 2003, charging document), planning to proceed on both these charges and the first degree-rape charge, for a total of 11 charges. Trial was set for August 6, 2003.
 

 In June, 2003, appellant filed a motion to dismiss all the charges based on a violation of the
 
 Hicks
 
 rule,
 
 [2]
 
 arguing that the
 
 nol pros
 
 of the replacement charge and the re-filing of the ten count charge was a deliberate attempt to circumvent the 180 day requirement. The State claimed that its action was
 
 *321
 
 simply a correction of a “flaw” in the October, 2002, charging document. Appellant argued that there was no “flaw” in that charging document and that the 180-day rule thus precluded the State from proceeding with the new trial once the charges contained in the October, 2002, charging document were
 
 nol prossed.
 
 Appellant also argued that the time lapse between the filing of the September, 2002, charging document to the trial in August, 2003, violated his Sixth Amendment right to a speedy trial.
 

 On July 30, 2003, the circuit court held that the 180-day rule was not violated. The court stated:
 

 The defendant argues that the
 
 nolle prosequi
 
 of case # 5363 and the filing of case # 5433 was accomplished to circumvent the 180 day rule without justification, citing
 
 Curley v. State,
 
 299 Md. 449, 474 A.2d 502 (1984) and
 
 State v. Brown,
 
 307 Md. 651, 516 A.2d 965 (1986). If the
 
 nolle prosequi
 
 of case # 5363 was entered to avoid the effect of the “Hicks Rule,” it is clear that the defendant should prevail.
 

 The Court is convinced, however, that the State was prepared to go to trial on May 1, 2003 and could have done so if it was prepared to forego the first degree rape charge and proceed to trial on what it perceived to be an inadequate charging document. It is clear that the
 
 nolle prosequi
 
 of case # 5363 was entered so that the case could proceed with all of the applicable counts included.
 

 The Court finds the instant case to be sufficiently similar to
 
 State v. Glenn,
 
 299 Md. 464, 474 A.2d 509 (1984), wherein the Court of Appeals stated:
 

 In the instant case, the prosecuting attorney’s purpose in
 
 nol prossing
 
 the charges was not to evade Section 591 and Rule 746. The record clearly establishes, with no basis for a contrary inference, that the charges were
 
 nol prossed
 
 because of a legitimate belief that the charging documents were defective and because the defendant’s attorney would not agree to amendment of the charging documents.
 

 
 *322
 
 It is obvious to the Court that the
 
 nolle prosequi
 
 was not entered in order to circumvent the 180 day rule, since the State was prepared for trial on May 1, 2003, and had [Appellant’s counsel] been willing to agree to the consolidation requested, the case would have been tried within the 180 day period. The State’s Attorney was lawfully acting within the parameters of his responsibilities when he elected to proceed on all of the appropriate charges.
 

 The court similarly denied appellant’s contention that his Sixth Amendment rights had been violated.
 

 The State proceeded to try appellant on the 11 counts. The jury convicted appellant of only one count, second-degree assault. Appellant was found not guilty of first-degree rape, attempted first-degree rape, second-degree sexual offense, first-degree sexual offense, and attempted first-degree sexual offense. No verdict was reached as to second-degree rape, attempted second-degree rape, attempted second-degree sexual offense, fourth-degree sexual offense, and false imprisonment.
 

 Both the sentencing guidelines and appellant’s pre-sentence investigation report indicated probation as the appropriate sentence. Appellant had no violent criminal convictions, but his driving record revealed that he had been stopped numerous times, had received probation before judgment for driving on a suspended license and for a DWI charge, and was convicted of a second DWI charge and of operating a vehicle while under the influence. In addition, following his conviction in the instant case, but prior to his sentencing, appellant was charged with another alcohol and speeding related offense.
 

 At appellant’s sentencing hearing, the State argued that appellant was “not getting the message” and had been “skating” on the leniency of the courts. The State recommended imposition of the maximum sentence. Appellant presented evidence, including testimony from his parents, that he was an honest and hard working individual with a young child. Moreover, although he had a poor driving record, he was not a
 
 *323
 
 menace to society and only stood convicted of second degree assault.
 

 The court sentenced appellant to five years’ imprisonment, with all but 18 months suspended, to be served on work release. Appellant was further sentenced to three years of supervised probation, a $500 fine, and he was required to complete an anger management course. The court found, however, that given the pendency of appellant’s appeal, appellant could remain out on bond, as long as he agreed to operate a motor vehicle to and from work only, until the resolution of this appeal.
 

 Appellant thereafter filed a timely appeal to this Court.
 

 Parties’ Contentions
 

 Appellant claims that the circuit court erred or abused its discretion in denying his motion to dismiss on the grounds that the State violated both the 180-day rule and his Sixth Amendment right to a speedy trial. In addition, appellant contends that the court improperly admitted certain hearsay testimony. Finally, appellant argues that the circuit court abused its discretion in imposing such a severe sentence when the pre-sentence investigation report recommended probation.
 

 The State responds that the circuit court properly denied appellant’s motion to dismiss, as the State did not violate either the 180-day rule or appellant’s speedy trial rights. In addition, the State claims that the trial court properly exercised its discretion, both in admitting certain testimony and in sentencing appellant to five years’ imprisonment, all but 18 months suspended, to be served on work release.
 

 Discussion
 

 Md.Code (2001), § 6-108 of the Criminal Procedure Article
 
 [3]
 
 provides:
 

 
 *324
 
 (a) Requirements for setting date.—(1) The date for trial of a criminal matter in the circuit court shall be set within 30 days after the earlier of:
 

 (i) the appearance of counsel; or
 

 (ii) the first appearance of the defendant before the circuit court, as provided in the Maryland Rules.
 

 (2) The trial date may not be later than 180 days after the earlier of those events.
 

 (b) Change of date.—(1) For good cause shown, the county administrative judge or a designee of the judge may grant a change of the trial date in a circuit court:
 

 (i) on motion of a party; or
 

 (ii) on the initiative of the circuit court.
 

 (2) If a circuit court trial date is changed under paragraph
 

 (1) of this subsection, any subsequent changes of the trial date may only be made by the county administrative judge or that judge’s designee for good cause shown.
 

 (c) Court rules.—The Court of Appeals may adopt additional rules to carry out this section.
 

 This requirement is reiterated in Maryland Rule 4-271,
 
 [4]
 
 which provides:
 

 Trial date in circuit court. (1) The date for trial in the circuit court shall be set within 30 days after the earlier of the appearance of counsel or the first appearance of the defendant before the circuit court pursuant to Rule 4-213, and shall not be later than 180 days after the earlier of those events.
 

 Thus, “the trial date for a criminal case in the circuit court may not be later than 180 days after the earlier of the appearance of counsel or, as provided in the Maryland Rules, the first appearance of the defendant before the circuit court.”
 
 State v. Akopian,
 
 155 Md.App. 123, 138, 841 A.2d 893 (2004).
 
 *325
 
 Because this rule is mandatory, “dismissal of the criminal charges is the appropriate sanction for violation of that time period....”
 
 Ross v. State,
 
 117 Md.App. 357, 364, 700 A.2d 282 (1997).
 

 This Court and the Court of Appeals have, on several occasions, considered whether the State improperly entered a
 
 nol pros
 
 in an effort to circumvent the mandatory time requirements outlined in § 6-103 and Rule 4-271.
 

 The Court of Appeals Cases
 

 In the first such case,
 
 Curley v. State,
 
 299 Md. 449, 474 A.2d 502 (1984), Curley’s initial trial date was postponed at his counsel’s request and a new trial date was never scheduled. On the final day of the 180-day time period, the State
 
 nol prossed
 
 the charges, informing Curley’s counsel that it chose to do so because of the apparent inadmissibility of certain evidence and a request from the victim’s family. Approximately three months later, the same charges were re-filed, and Curley was subsequently convicted of automobile manslaughter.
 

 On appeal, Curley argued that the State violated the 180 day rule by failing to hold his trial within that required time period. The Court of Appeals noted that “[njormally the effect of a
 
 nol pros
 
 is as if the charge had never been brought in the first place.” 299 Md. at 460, 474 A.2d 502. The Court then established that,
 

 when a circuit court criminal case is
 
 nol prossed,
 
 and the state later has the same charges refiled, the 180-day period for trial prescribed by § 591 and Rule 746 ordinarily begins to run with the arraignment or first appearance of defense counsel under the second prosecution. If, however, it is shown that the
 
 nol pros
 
 had the purpose or the effect of circumventing the requirements of § 591 and Rule 746, the 180-day period will commence to run with the arraignment or first appearance of counsel under the first prosecution.
 

 Id.
 
 at 462, 474 A.2d 502.
 

 Applying this rule, the Court held that when the
 
 nol pros
 
 was entered on the final day for compliance with the 180-day
 
 *326
 
 rule, it was too late to comply with § 591 and Rule 746. 299 Md. at 462, 474 A.2d 502. As of that day, the case could have been dismissed for a violation of § 591 and Rule 746, and the prosecution, therefore, had really already lost its case when the
 
 nol pros
 
 was filed.
 
 Id.
 
 As a result, “[rjegardless of the prosecuting attorney’s motives, the necessary effect of the
 
 nol pros
 
 was an attempt to evade the dismissal resulting from the failure to try the case within 180 days.”
 
 Id.
 
 at 462-63, 474 A.2d 502.
 

 On the same day the
 
 Curley
 
 decision was handed down, the Court also issued its opinion in
 
 State v. Glenn,
 
 299 Md. 464, 474 A.2d 509 (1984). In
 
 Glenn,
 
 the State
 
 nol prossed
 
 charges against the defendants because the State’s Attorney believed that the charging documents were defective. On the same date the defective charges were
 
 nol prossed,
 
 new, corrected charges were filed, alleging the same offenses. Prior to trial, the defendants moved to dismiss the charges, arguing that the State violated the 180-day rule. The circuit court granted defendants’ motion, and this Court affirmed that judgment on appeal.
 

 The Court of Appeals reversed, however, holding that the purpose of the prosecuting attorney in
 
 nol prossing
 
 the charges was not to evade the 180-day requirement. 299 Md. at 467, 474 A.2d 509. Rather, the charges were
 
 nol prossed
 
 because of the prosecutor’s legitimate belief that the charging documents were defective and because the defendants’ attorney would not agree to amend the charging document.
 
 Id.
 
 Moreover, in distinguishing
 
 Glenn
 
 from
 
 Curley,
 
 the Court noted that, unlike in
 
 Curley
 
 where the
 
 nol pros
 
 occurred on the very last day that trial could have been held to comply with the 180-day requirement, in
 
 Glenn,
 
 the
 
 nol pros
 
 occurred only 123 days after the arraignment.
 
 Id.
 
 Thus, there remained 57 days wherein the State could have prosecuted the case within the 180-day limit.
 
 Id.
 
 The Court held that the effect of the
 
 nol pros
 
 was not necessarily to evade the requirements of the
 
 Hicks
 
 rule.
 
 Id.
 

 
 *327
 
 The Court of Appeals again considered this issue in
 
 State v. Brown,
 
 341 Md. 609, 672 A.2d 602 (1996). Brown was charged with child abuse, second degree rape, and related charges. After several postponements, trial was set for approximately 43 days before the expiration of the 180-day period. DNA testing had not been completed at the time of trial, however, so the State
 
 not prossed
 
 all the charges. Approximately 3 months later, after the DNA testing had been completed, the State re-filed the same charges against Brown. Brown, thereafter, filed a motion to dismiss claiming that the State violated § 591 and Rule 4-271.
 
 [5]
 
 Both the circuit court and this Court agreed with Brown that his rights had been violated.
 

 The Court of Appeals reversed, however, noting “that a
 
 not pros
 
 will have the ‘necessary effect’ of evading the requirements of § 591 and Rule 4-271
 
 only
 
 when the alternative to the
 
 not pros
 
 would have been a dismissal with prejudice for noncompliance with § 591 and Rule 4-271.” 341 Md. at 619, 672 A.2d 602. Explaining that the State had not violated § 591 and Rule 4-271 because, even after the
 
 not pros,
 
 there remained 43 days before the expiration of the 180-day period, the Court held that the
 
 not pros
 
 did not have the “necessary effect” of attempting to circumvent the requirements of § 591 and Rule 4-271.
 
 Id.
 
 at 620-21, 672 A.2d 602. In addition, the Court noted that it was the responsibility of the State’s Attorney’s office to decide when to seek a
 
 nol pros
 
 and when to seek a postponement.
 
 Id.
 

 The Court of Special Appeals Cases
 

 Following these Court of Appeals decisions, this Court has had the opportunity to consider this issue several times, most recently in early 2004. In
 
 Ross v. State,
 
 117 Md.App. 357, 700 A.2d 282 (1997), the State sought a postponement, over Ross’s objection, on the date Ross’s trial was scheduled to begin, because the drugs seized from Ross had not yet been analyzed. The administrative judge stated:
 

 
 *328
 
 [Defense Counsel], I agree with you. [The State’s Attorney] knows that. That’s why he gave the litany that he did, because he knows how I feel about those things. What may very well happen is that by operation your client’s going to get the benefits anyway, because I don’t think this case can be put back in. Our docket is too crowded. It cannot be put back in before Hicks runs, and I am not finding good cause so—
 

 117 Md.App. at 361, 700 A.2d 282. The judge then denied the State’s motion for a continuance.
 
 Id.
 
 The State’s Attorney, thereafter,
 
 nol prossed
 
 the charges.
 
 Id.
 

 A
 
 little more than one month later, the State filed a new indictment, containing the same charges. Prior to trial on the second indictment, appellant moved to dismiss, arguing that the State, by
 
 nol prossing
 
 the charges when its requested continuance was denied, violated the 180-day rule. The court denied his motion, and after conviction, appellant appealed to this Court.
 

 We began by noting that decisions regarding the postponement of trial rest squarely within the discretion of the administrative judge. 117 Md.App. at 365, 700 A.2d 282. After discussing the above outlined Court of Appeals cases, we noted that the administrative judge specifically found that the State’s request for postponement was not supported by good cause and that the overcrowded docket would result in a
 
 Hicks
 
 violation, should the case be postponed.
 
 Id.
 
 at 369, 700 A.2d 282. Moreover, even though there were 88 days until the end of the 180-day period when the case was
 
 nol prossed,
 
 unlike in
 
 Brown,
 
 there was a specific request for a postponement, which was denied.
 
 Id.
 
 at 370, 700 A.2d 282.
 

 Upon continued analysis, this Court stated:
 

 In the present case, however, a postponement was requested and denied and, as found by the administrative judge, the case could not be set in before the tolling of the 180-day limit. We again stress that in light of the administrative judge’s supervision of the docket, we are unable to ignore his statement that the case could not be heard before
 
 *329
 
 expiration of the 180-day time period. In addition, immediately following the judge’s ruling, the State entered a nol pros in the case. We can discern no clearer attempt to circumvent the time period dictated by Art. 27, § 591 and Rule 4-271.
 

 Id.
 
 This Court then held that the State entered the
 
 nol pros
 
 to circumvent the 180-day limit, and as a result, dismissal of all criminal charges against Ross was appropriate.
 
 Id.
 
 at 370-71, 700 A.2d 282.
 

 In 2000, this Court decided
 
 Baker v. State,
 
 130 Md.App. 281, 745 A.2d 1142 (2000), where the State
 
 nol prossed
 
 all charges against Baker 19 days before the expiration of the 180-day limit. Six days later, Baker was indicted on a single charge of child abuse. Baker’s trial was not held within the initial 180-day period, and as a result, he filed a motion to dismiss for violation of the
 
 Hicks
 
 rule. This motion was denied, and Baker was subsequently tried and convicted.
 

 On appeal, this Court explained the two-pronged exception to the general standard that a
 
 nol pros
 
 followed by a re-filing of the same or similar charges will begin a new running of the 180-day clock: the
 
 nol pros
 
 must have either (1) the purpose or (2) the effect of circumventing the requirements of § 591 and Rule 4-271. 130 Md.App. at 289, 745 A.2d 1142. This Court then noted that it was clear the State did not purposefully circumvent the 180-day requirement because the State’s Attorney testified that this was not his purpose, and the trial court implicitly accepted this testimony in denying Baker’s motion to dismiss.
 
 Id.
 

 With regard to the necessary effect, this Court distinguished between “(1) a
 
 nol pros
 
 that merely has the actual effect of carrying a trial beyond the 180-day limit and (2) a
 
 nol pros
 
 that has the necessary effect of carrying a trial beyond the .180-day limit[,]” noting that only the latter forecloses trial from going forward.
 
 Id.
 
 at 290, 745 A.2d 1142. We analogized
 
 Baker
 
 with
 
 Brown,
 
 noting that “in all significant regards
 
 [Brown]
 
 is indistinguishable from
 
 [Baker].” Id.
 
 at 293-94, 745 A.2d 1142. Specifically, in both cases, the original plead
 
 *330
 
 ing was not flawed and the reason for the
 
 nol pros
 
 was that the State was not yet prepared for trial.
 
 Id.
 
 This Court noted that the legitimacy of a
 
 nol pros
 
 does not depend on the inadequacy of the charging documents, and the
 
 nol pros
 
 is a legitimate tactic that may be used by prosecutors to obtain a postponement.
 
 Id.
 
 at 294, 745 A.2d 1142.
 

 Having determined that a postponement or
 
 nol pros
 
 were both options available to the State, this Court went on to distinguish between the actual effect and the necessary effect of a
 
 nol pros.
 
 In determining whether a
 
 nol pros
 
 has the necessary effect of violating the 180-day rule, this Court stated:
 

 It is the teaching of
 
 Curley, Glenn,
 
 and
 
 Brown
 
 that we do not assess the situation by looking backward from the arguably adverse effect, searching for a cause. A mere cause and effect relationship is not enough. We look, rather, from a potential cause forward, asking not whether the feared effect is a predictable possibility but whether it is, as of that moment, already a foregone conclusion—a necessary effect, an unavoidable consequence, a virtual inevitability. We assess the situation as of the day the
 
 nol pros
 
 is entered.
 

 130 Md.App. at 299, 745 A.2d 1142. This Court went on to distinguish
 
 Baker
 
 from
 
 Ross,
 
 noting that, unlike in
 
 Ross,
 
 no motion for postponement had been denied.
 
 Id.
 
 at 301, 745 A.2d 1142. Moreover, the State still had 19 days following the
 
 nol pros
 
 to proceed with trial without violating the 180-day rule.
 
 Id.
 
 at 302, 745 A.2d 1142. Thus, this Court concluded that the entry by the State of a
 
 nol pros
 
 did not have the necessary effect of circumventing the 180-day rule.
 
 Id.
 
 at 303, 745 A.2d 1142.
 

 In two very recent cases, this Court again considered the issue of whether a
 
 nol pros,
 
 followed by the re-filing of charges, had the purpose or necessary effect of violating the 180 day rule. First, in
 
 State v. Price,
 
 152 Md.App. 640, 833 A.2d 614 (2003),
 
 cert. granted,
 
 379 Md. 98, 839 A.2d 741 (2004), on the day trial was to begin, the State sought a second
 
 *331
 
 postponement because of the unavailability of DNA test results. The court denied the request for continuance, noting that Price was incarcerated and there was a judge ready to hear the case that day. The assistant state’s attorney, thereafter,
 
 nol prossed
 
 the charges, noting that the State would get a new charging document together that day. In addition to the denied request for continuance, the State was sanctioned for failure to comply with Price’s discovery requests.
 
 [6]
 

 A month later, appellant was again charged with the same counts. Price filed a motion to dismiss, arguing that the State had
 
 nol prossed
 
 the charges “in bad faith to get around the order of [the court] regarding discovery and to get around the
 
 Hicks
 
 date.” 152 Md.App. at 643, 833 A.2d 614 (internal quotations omitted). The State denied any attempt to circumvent the 180-day rule, noting that it had 97 days remaining to reset the case, and stating that the only reason it requested the continuance was to get the DNA testing completed.
 
 Id.
 
 at 644, 833 A.2d 614.
 

 The trial court granted Price’s motion to dismiss, finding that “the action of the [S]tate was intended to circumvent that portion of the rule, which leaves to the administrative judge to decide whether a case, once set within 180 days, should be continued for good cause shown.”
 
 Id.
 
 at 646, 833 A.2d 614 (emphasis omitted).
 

 This Court affirmed the decision of the trial court, finding: The State averred that it needed the DNA evidence to effectively present its case. Because of the court’s order, the State would have been prohibited from presenting such evidence in any event. By entering a
 
 nol pros
 
 and subsequently reindicting appellee, not only was the State circumventing the administrative judge’s denial of the request for
 
 *332
 
 additional time, the State was also circumventing the discovery order and the sanction it imposed. The only options available to the State were to proceed without the subject evidence and present ostensibly insufficient evidence to sustain a conviction or allow the case to be dismissed with prejudice by the administrative judge.
 

 152 Md.App. at 653, 833 A.2d 614.
 

 This Court went on to explain that, despite the fact that there were 97 days remaining before the 180-day period ran, the purpose of entering the
 
 nol pros
 
 in this case “was to circumvent the authority and the decision of the administrative judge.” 152 Md.App. at 654, 833 A.2d 614. Holding that the factual findings of the trial court were not clearly erroneous, this Court found that “[t]he ‘necessary effect of the
 
 nol pros
 
 ’ was to circumvent not only the requirements of § 591 and Rule 4-271, but also the sanction that ‘the State be prohibited from introducing any witness or evidence at trial or hearing which relates in any way to the nondisclosure for failure to comply’ with the motion to compel discovery.”
 
 Id.
 
 at 655, 833 A.2d 614.
 

 Finally, and most recently, in
 
 State v. Akopian,
 
 155 Md. App. 123, 841 A.2d 893 (2004), Akopian’s trial was postponed once by motion of the State. Thereafter, on the rescheduled trial date, the State requested another continuance, because certain witnesses were unavailable, which was denied. The State then sought a one-day continuance so that it could ensure that all its witnesses were present. This motion was technically denied by the administrative judge as well, but the judge stated: “No. You can pick the jury. You can get started. Do whatever you need to today. And if you want to start the testimony, you can do it tomorrow morning.” 155 Md.App. at 127, 841 A.2d 893.
 

 Thereafter, when the case was called to trial, Akopian waived his right to a jury trial and told the court he had no further motions. Thus, the State was placed in an untenable position where it was forced to proceed to trial without its
 
 *333
 
 primary witness.
 
 [7]
 
 The State renewed its motion for a continuance, which was denied, so the State
 
 nol prossed
 
 the charges, announcing that it would re-file the charges later that week.
 

 After re-indicting Akopian, the State attempted to set a new trial date within the original 180-day time-frame. Akopian failed to retain his lawyer after the
 
 nol pros,
 
 and the court refused to set a new trial date until Akopian could obtain counsel. Thereafter, in several court proceedings, the court advised Akopian to get a lawyer or speak to an attorney in the Public Defender’s Office. The State continuously tried to set the case for trial prior to the running of the 180-day period “to foreclose any possible claim of a 180 day violation.” 155 Md.App. at 132, 841 A.2d 893. Akopian continuously refused the services of a public defender and failed to obtain his own private counsel.
 

 As Akopian remained unrepresented, the trial did not proceed prior to the running of the 180-day period. On the day after the tolling of the 180-days, Akopian’s former counsel filed a motion to dismiss arguing violation of the 180-day rule. The court noted the State’s extraordinary efforts to set the trial within the 180-day period but, nevertheless, held that Akopian’s rights were violated.
 

 On appeal, this Court reversed, holding that the record indicated that the State’s use of a
 
 nol pros
 
 had neither the necessary effect nor the purpose of circumventing the 180 day rule. 155 Md.App. at 142, 841 A.2d 893. We noted that at the time of the
 
 nol pros,
 
 more than 50 days remained in the 180-day period,
 
 Id.
 
 Moreover, we explained that the administrative judge denied the State’s request for a continuance only because the court believed that the State would not have to begin its case until, at the earliest, the following day.
 
 Id.
 
 As the State’s efforts to comply with the 180-day rule were thwarted at every level by Akopian, “the State should not
 
 *334
 
 suffer the detriment of his manipulation.”
 
 Id.
 
 at 143, 841 A.2d 893.
 

 Application to the Instant Case
 

 Thus, the Court of Appeals has established, and this Court has applied, the general rule with regard to the 180-day requirement, that “[w]hen earlier charges are
 
 nol prossed
 
 and new charges are subsequently filed, the new charges have a life of their own. A new and independent 180-day count begins with respect to them.” Baker; 130 Md.App. at 288, 745 A.2d 1142. The noted exception to this rule is when the
 
 nol pros
 
 had the “purpose or necessary effect of circumventing the requirements of the 180-day rule set forth in Rule 4-271 and § 6-103 of the Criminal Procedure Article.”
 
 Akopian,
 
 155 Md.App. at 139, 841 A.2d 893.
 

 In the instant case, the State claimed, and the circuit court held, that the purpose of the
 
 nol pros
 
 was not to circumvent the 180-day rule, as the State was prepared to go to trial on May 1, 2003, but rather, it was entered so that the State could proceed on all pending charges. The court noted that, had appellant agreed to the State’s consolidation request, the case would have been tried within the 180-day period.
 

 This holding is problematic for several reasons. First, by entering the
 
 nol pros,
 
 the State effectively circumvented the decision of the circuit court denying its motion to consolidate. This Court addressed an analogous situation in
 
 State v. Price,
 
 152 Md.App. at 653, 833 A.2d 614, where the State entered a
 
 nol pros
 
 after an administrative judge determined that the State had failed to show good cause as to why it deserved a continuance. We held that, despite the fact that when the
 
 nol pros
 
 was entered, significant time remained before the running of the 180-day period, “the purpose for entering the
 
 nol pros
 
 in the case under consideration was to circumvent the authority and the decision of the administrative judge.”
 
 Id.
 
 at 654, 833 A.2d 614. This Court, therefore, concluded that the necessary effect of the
 
 nol pros
 
 was to circumvent the 180-day rule.
 
 Id.
 
 at 655, 833 A.2d 614.
 

 
 *335
 
 Although the Court of Appeals in
 
 Brown
 
 mandated that a
 
 nol pros
 
 will only have the “ ‘necessary effect’ of an attempt to circumvent the [180-day rule] when the alternative to the
 
 nol pros
 
 would be a dismissal of the case for failure to commence trial within 180 days[,]” 341 Md. at 618, 672 A.2d 602, the Court has yet to decide the effect of a
 
 nol pros
 
 following a judicial decision denying the State’s scheduling or procedural requests.
 
 [8]
 
 This Court, however, in
 
 Price,
 
 held that when a scheduling decision has been rendered by the circuit court, and the
 
 nol pros
 
 is entered as a means of circumventing that decision, the
 
 nol pros
 
 will have the purpose or necessary effect of evading the 180-day rule.
 
 [9]
 
 While we find the discussion in
 
 Price
 
 to be instructive, we believe that this case is reversible based on the rule mandated by the Court of Appeals in
 
 Brown,
 
 341 Md. at 618, 672 A.2d 602, and revisited by this Court in
 
 Ross,
 
 117 Md.App. at 370, 700 A.2d 282.
 

 The situation before us is similar to
 
 Ross,
 
 where the State entered a
 
 nol pros
 
 after its postponement request was denied, and the administrative judge found that the case could not be tried within 180 days if it was not tried on its then scheduled date. 117 Md.App. at 370, 700 A.2d 282. This Court held that it could “discern no clearer attempt to circumvent the time period dictated by [the 180-day rule].”
 
 Id.
 
 Moreover, the
 
 *336
 
 Court distinguished
 
 Ross
 
 from
 
 Brown,
 
 noting the significance of the administrative judge’s ruling and explaining the importance of deferring to that ruling with regard to trial scheduling.
 
 Id.
 

 In the case before us, appellant was initially charged with first-degree rape, a charge which was later dropped. Approximately one week before the scheduled trial, the State re-filed the first-degree rape charge in circuit court and sought consolidation of this charge with the remaining initial charges. When the court denied the State’s consolidation request, the State
 
 'nol prossed
 
 all but the first-degree rape charge, just 4 days before the running of the 180-day period. Nearly identical charges were then re-filed the following day. The circuit court expressly indicated there was no good cause for postponement, and we note that, practically speaking, it was impossible to try the case within the four day period after refiling of the charges. A trial on the new charges, as well as the first-degree rape charge, was thereafter held within the 180-day time-frame of the second indictment, but well past the 180-days established by appellant’s original indictment.
 

 Contrary to the circuit court’s findings, the instant case is significantly different from
 
 Glenn,
 
 299 Md. at 464, 474 A.2d 509. Unlike in
 
 Glenn,
 
 where the
 
 nol pros
 
 occurred 57 days before the running of the 180-day period, appellant’s charges were
 
 nol prossed
 
 just four days before the
 
 Hicks
 
 period would run. As previously stated, in the case before us, the court expressly noted that it would not grant a postponement if one were requested, in essence a finding that there was no good cause for a postponement. Consequently, the State’s only alternative to a
 
 nol pros
 
 on the scheduled trial date was to try the case on that day without the first-degree rape charge. Also as previously stated, there was no practical way that appellant’s case could have been re-filed and tried within that four-day period.
 

 The instant case is also distinguishable from
 
 Glenn
 
 because the
 
 Glenn
 
 Court held that the prosecuting attorney’s purpose in
 
 nol prossing
 
 charges against the defendant was not to
 
 *337
 
 evade the 180-day rule but, rather, resulted from the defendant’s refusal to allow the State to amend the charging documents. 299 Md. at 467, 474 A.2d 509. The prosecutor needed to correct the defective charging documents, as they inadvertently omitted a key element of the prima facie case of the alleged crime.
 
 Id.
 
 In the instant case, there is no indication that the charging documents were defective. The State initially charged appellant with first-degree rape, later dropped the charge, and attempted to re-file the charge again just before trial. These were strategic moves, not at all associated with the defectiveness of the charging documents.
 

 Finally, the
 
 Glenn
 
 Court noted that there would have been no issue with the 180-day requirement if Glenn had allowed the State to amend the charges. 299 Md. at 467, 474 A.2d 509. The circuit court in the instant case similarly noted that had appellant’s counsel “been willing to agree to the consolidation requested, the case would have been tried within the 180 day period.” The issue in this case was not the cure of a defect in a charging document. Appellant was under no obligation to agree to consolidation of the charges, especially since it would have forced him to stand trial on a first-degree rape charge with less than three weeks notice.
 
 See, generally, Smith v. State,
 
 367 Md. 348, 359, 787 A.2d 152 (2001)(explaining that in our criminal justice system, the burden rests with the State to mount a case against a defendant; the defendant is under no obligation to help the State in this process).
 

 This case is distinguishable from both
 
 Baker
 
 and
 
 Akopian,
 
 where this Court found that a
 
 nol pros
 
 was proper and was not entered for the specific purpose or had the necessary effect of evading the
 
 Hicks
 
 requirement. Unlike in
 
 Akopian,
 
 appellant did not manipulate the system to purposefully force the State to violate the 180-day rule, nor did the State make every effort to prevent such a violation.
 
 See
 
 155 Md.App. at 140-42, 841 A.2d 893.
 

 Nor is this case like
 
 Baker,
 
 where we noted that the State had several alternatives to
 
 nol pressing
 
 the case, and thus it could not be said that the necessary effect of the
 
 nol pros
 
 was
 
 *338
 
 a violation of the 180-day rule. 130 Md.App. at 301-03, 745 A.2d 1142. Although the State contends that it was prepared to go ahead with its case on May 1, 2003, there is no possible way the case could have been re-filed and tried in just four days once the
 
 nol pros
 
 was entered. The State was, thus, without the alternatives present in
 
 Baker.
 
 Moreover, in
 
 Baker,
 
 no judicial decision had been rendered with regard to the scheduling of the case, and it was likely that if the State had sought a postponement instead of
 
 nol prossing
 
 the charges, that postponement would have been granted. 130 Md.App. at 301, 745 A.2d 1142. As explained above, that is not the situation in the instant case, as the circuit court specifically denied the State’s request to consolidate the charges prior to the
 
 nol pros
 
 and indicated that it would deny a postponement, if requested.
 

 The entering of the
 
 nol pros
 
 on May 1, 2003, was for the purpose of avoiding the court’s order denying consolidation, and its necessary effect, four days before the end of the 180 day period, was to circumvent the 180-day rule.
 
 Brown,
 
 341 Md. at 619, 672 A.2d 602 (“a
 
 nol pros
 
 will have the ‘necessary effect’ of evading the requirements of § 591 and Rule 4-271
 
 only
 
 when the alternative to the
 
 nol pros
 
 would have been a dismissal with prejudice for noncompliance with § 591 and Rule 4-271.”).
 
 See also Ross,
 
 117 Md.App. at 370, 700 A.2d 282 (holding that the necessary effect of a
 
 nol pros
 
 was to violate the 180-day rule where the court specifically found that the case could not be tried within 180 days if not tried on its then scheduled trial date).
 

 As appellant’s trial was not held within the initial 180-day period, as required by Rule 4-271 and § 6-103, and as these requirements are mandatory, dismissal of the charges against appellant is the appropriate sanction.
 
 Ross,
 
 117 Md.App. at 370-71, 700 A.2d 282. Thus, we reverse the judgment of the circuit court and remand with instructions that the charges against appellant be dismissed.
 

 JUDGMENT REVERSED.
 

 
 *339
 
 CASE REMANDED TO THE CIRCUIT COURT FOR QUEEN ANNE’S COUNTY FOR DISMISSAL OF THE CHARGES AGAINST APPELLANT.
 

 COSTS TO BE PAID BY QUEEN ANNE’S COUNTY.
 

 [1]
 

 . Appellant spells his son’s name "Dominick” rather than "Dominic.” As the trial transcript and most other materials spell his name Dominic, we shall do so as well.
 

 [2]
 

 . The term
 
 “Hicks
 
 rule” is derived from
 
 State v. Hicks,
 
 285 Md. 310, 403 A.2d 356 (1979), and is often used as short-hand to refer to the 180-day limit outlined in § 6-103 and Rule 4-271.
 

 [3]
 

 . As enacted by Ch. 10, Acts of 2001, this section was derived without substantive change from Md.Code (1957, 1996 Repl.Vol.), Art. 27, § 591. Cases dealing with incidents that occurred prior to this codifi
 
 *324
 
 cation refer to the 180-day rule as § 591. All future references to the Md.Code are to the Criminal Procedure Article.
 

 [4]
 

 . Rule 4-271 was derived, without substantive change, from Rule 746, and thus, earlier cases refer to this rule as Rule 746.
 

 [5]
 

 . Brown also claimed that the State violated his right to a speedy trial under the Sixth Amendment.
 

 [6]
 

 . Specifically, the court ordered the State to "file written answers to appellee’s discovery request within ten days and, further, directs that the State be prohibited from producing any witness, or evidence at trial or hearing which relates in any way to the nondisclosure for failure to comply." 152 Md.App. at 653, 833 A.2d 614. At the time of hearing on the continuance request, the State had yet to comply with this order.
 
 Id.
 

 [7]
 

 . The State’s primary witness was in the K-9 division and was unavailable because he was working on the DC/VA sniper case and in the process of searching for the snipers.
 

 [8]
 

 . The Court of Appeals granted
 
 certiorari
 
 in
 
 Price
 
 to consider this issue, and has heard arguments, but has yet to render its opinion.
 
 State v. Price,
 
 379 Md. 98, 839 A.2d 741 (2004)
 

 [9]
 

 .
 
 Ross
 
 is distinguishable from
 
 Price,
 
 and falls under the Court of Appeals holding in
 
 Brown,
 
 because the trial court specifically held that the case could not be rescheduled and tried within the 180-day period because of a full docket.
 
 Ross,
 
 117 Md.App. at 370, 700 A.2d 282. Thus, the necessary effect, of the
 
 nol pros
 
 was a violation of the 180-day rule, because the only alternative to trial on the date scheduled was dismissal, as there was no possible way to reschedule the trial within the mandated 180-days.
 
 Id.
 
 In
 
 Price,
 
 however, when the
 
 nol pros
 
 occurred, there were still 97 days under which the defendant’s trial could have been rescheduled, within the 180-day period, and there was no finding that such a rescheduling was impossible.
 
 Price,
 
 152 Md. App. at 654, 833 A.2d 614. Nevertheless, this Court held that the necessary effect of the
 
 nol pros
 
 was a violation of the 180-day rule because its purpose was to circumvent the court’s scheduling decision.
 
 Id.